**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 94-60788

_____


UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

                    VERSUS

                    GLORIA PEREZ,

                                    Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Texas
_____

November 21, 1995

Before KING, SMITH, and STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:


This matter involves a challenge to a continuing prosecution as a violation of the Double Jeopardy Clause of the Fifth Amendment.  The district court denied a motion to dismiss the indictment. Concluding that the prosecution violates the Double Jeopardy Clause, we reverse and remand with instructions to dismiss the indictment.

Defendant Gloria Perez and her four children entered the United States in a private vehicle via the border checkpoint at Falfurrias, Texas. Border Patrol officers discovered ninety-six kilograms of marihuana in the vehicle, arrested Perez, and seized the vehicle.

A grand jury issued an indictment charging Perez with possession of marihuana with intent to distribute, a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The United States then brought an in rem civil proceeding seeking forfeiture of the vehicle under 21 U.S.C. § 881(a)(4).

Perez and the government filed a "Stipulation of Settlement" in which Perez agreed that the car would be forfeited to the United States. The district court approved the "Stipulation of Settlement" in an "Agreed Order of Forfeiture and Dismissal," in which the court ordered forfeiture of the vehicle and dismissal of the forfeiture action.

Perez moved to dismiss the indictment, claiming that the ongoing criminal prosecution violated the Double Jeopardy Clause's prohibition against multiple punishments. The district court denied the motion.

During the hearing on the motion to dismiss, the court heard evidence with regard to the forfeiture. A special agent of the Drug Enforcement Administration testified that the government's costs for investigating the Perez case amounted to $11,000, not including the costs of the United States Attorney or of the

district court.  This agent also testified that the street value of the marihuana was about $128,000 and that the proceeds from sales of the drug probably would have left the country.  The agent calculated the value of the vehicle at $22,000, whereas Perez testified that she had paid $31,000 for it.

The court's denial of the motion included a proportionality review of the forfeiture, which involved consideration of whether the amount forfeited bore a rational relation to the government's costs.  The court found that it did and that the forfeiture removed a "tool of the [drug] trade" from Perez.  The court also found that the value of the car was $23,000, that the forfeiture was not overwhelmingly disproportionate to the government's costs, and that the forfeiture therefore bore a rational relation to a remedial purpose:  reimbursing the government and society for the costs of Perez's allegedly wrongful conduct.

II.

The government claims that we have no jurisdiction to hear Perez's appeal, noting the federal law's general disapproval of interlocutory appeals, particularly in criminal cases.  See Abney v. United States, 431 U.S. 651, 656-57 (1977) (opining that such appeals are generally disfavored).  Despite this underlying presumption, however, federal courts have entertained interlocutory appeals from orders denying dismissal of an indictment on double jeopardy grounds.  Id. at 651; United States v. Tilley, 18 F.3d 295 (5th Cir. 1994), cert. denied, 115 S. Ct. 574 (1994); see generally

3

Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949) (holding certain collateral orders appealable). The Abney Court held that federal courts of appeals may hear double jeopardy claims on interlocutory appeal under the collateral order doctrine of Cohen:

> [S]uch orders fall within the small class of cases that Cohen has placed beyond the final judgment rule. In the first place there can be no doubt that such orders constitute a complete, formal, and, in the trial court, final rejection of a criminal defendant's double jeopardy claim . . . .
>
> Moreover, the very nature of a double jeopardy claim is such that it is collateral to, and separable from the principal issue at the accused's impending criminal trial, whether or not the accused is guilty of the offense charged.

431 U.S. at 659 (emphasis added).

The government tries to distinguish Abney on the ground that Abney involved a multiple-prosecution double jeopardy analysis, not a multiple-punishment analysis as in this case. That argument is foreclosed by Tilley, in which we took jurisdiction under Abney, without discussion, of an interlocutory appeal from a refusal to dismiss an indictment. See Tilley, 18 F.3d at 297. The motion to dismiss in Tilley made the same double jeopardy argument that Perez makes here (a violation of the clause's prohibition on multiple punishments). Cf. id. Given Abney and Tilley, there is no question that we have jurisdiction over Perez's appeal.

### III.

A recent Supreme Court decision resolves the ripeness question, although the case before the Court did not have precisely the same posture as does the one before us. In Witte v. United

4

States, 115 S. Ct. 2199 (1995), the government appealed a district court order granting defendant's motion to dismiss an indictment based on the multiple punishments prong of the Double Jeopardy Clause. Id. at 2203-04. On appeal, a panel of this court reversed and remanded, and that judgment was affirmed, with the Court holding the case to be ripe for appellate review even though the defendant had not yet been convicted of the charges in the contested indictment. Id. at 2205.

The defendant in Witte had pleaded guilty to conspiring and attempting to possess marihuana with intent to distribute. Id. at 2202-03. During sentencing, the district court took into account evidence of uncharged criminal conduct relating to cocaine and enhanced the defendant's sentence based upon that evidence. Id. at 2203. A subsequent indictment on the cocaine charges issued and was dismissed on the ground that the conduct forming the basis of the indictment had already been used to "punish" the defendant when his sentence on the marihuana counts had been enhanced, thus creating a double jeopardy violation. Id. at 2203-04.

In Witte, as in Perez, there was some question as to whether the defendant had been placed in jeopardy prior to the contested indictment. In Perez, the prior proceeding alleged by defendant to have placed her in jeopardy was a civil forfeiture proceeding. In Witte, the prior proceeding was a sentencing in which the conduct forming the basis of the contested indictment had been taken into account.

The analysis in Witte demonstrates that the case before us is

5

ripe:

> Petitioner nevertheless argues that, because the conduct giving rise to the cocaine charges was taken into account during sentencing for the marijuana conviction, he effectively was "punished" for that conduct during the first proceeding. As a result, he contends, the Double Jeopardy Clause bars the instant prosecution. This claim is ripe at this stage of the prosecution——although petitioner has not yet been convicted of the cocaine offenses))because, as we have said, "courts may not impose more than one punishment for the same offense and prosecutors ordinarily may not attempt to secure that punishment in more than one trial." . . . <u>Thus, if petitioner is correct that the present case constitutes a second attempt to punish him criminally for the same cocaine offenses . . ., then the prosecution may not proceed</u>.

<u>Id.</u> at 2204-05 (emphasis added, internal citations omitted). Thus, if Perez is correct that the present case constitutes a second attempt to punish her criminally for the same marihuana offenses, the prosecution may not proceed.[1]

IV.

The Double Jeopardy Clause states: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. AMEND. V. The courts have interpreted this clause to provide protection from both multiple prosecutions (after either an acquittal or a conviction) and multiple punishments. <u>See, e.g.</u>, <u>Witte</u>, 115 S. Ct. at 2204. In the case before us, the parties agree that only the multiple punishments prong is at issue.

---

[1] A sister circuit recently characterized <u>Witte</u> as "holding that a multiple punishments double jeopardy claim is ripe for appellate review even where the claimant has yet to have been a second time convicted." <u>See</u> <u>United States v. Baird</u>, 63 F.3d 1213, 1215 (3d Cir. 1995), <u>petition for cert. filed</u> (Oct. 17, 1995) (No. 95-630).

6

The core issue in Perez is the same as that faced in United States v. Halper, 490 U.S. 435 (1989): "[W]hether and under what circumstances a civil penalty may constitute punishment for the purpose of the Double Jeopardy Clause." Id. at 446.[2] Announced in Halper, the governing legal standard for resolving this issue is whether the civil sanction serves solely a remedial purpose, or also a retributive or deterrent purpose. Id. at 448. If the latter is true, the sanction constitutes punishment for purposes of double jeopardy analysis.

This standard is typically effected as a case-by-case proportionality review: If the sanction is overwhelmingly disproportionate to the damages caused by a defendant's alleged wrongful conduct, it constitutes punishment. See id. at 449. Such a proportionality review must include an accounting of the government's damages and costs, see id., to determine whether the sanction was disproportionate. The damages and costs borne by society as a result of the defendant's unlawful conduct are also to be considered. See Tilley, 18 F.3d at 298-300.

Austin v. United States, 113 S. Ct. 2801 (1993), has had a major impact on the application of the Halper test. In Austin, the Court held that civil forfeitures are subject to the Excessive Fines Clause of the Eighth Amendment. Id. at 2803. Austin was not a double jeopardy case, but the Austin Court's analysis did include

---

2    The procedural posture of Halper is different, however; the defendant had been convicted of various criminal offenses in the first proceeding, and the second, contested proceeding was an ongoing civil forfeiture.

7

a determination of whether civil forfeitures constitute "punishment," see id. at 2806. Furthermore, it explicitly relied, at least in part, on the Halper punishment test to make that determination. Id. at 2812; United States v. $405,089.23, 33 F.3d 1210, 1219 (9th Cir. 1994), amended on denial of reh'g en banc, 56 F.3d 41 (9th Cir. 1995), petition for cert. filed, 64 U.S.L.W. 3161 (U.S. Aug. 28, 1995) (No. 95-346).

Austin focused on two statutory forfeiture provisions, 21 U.S.C. §§ 881(a)(4) and 881(a)(7). The former is the one before us now. The Austin Court concluded that all civil forfeitures under both subsections constitute punishment. 113 S. Ct. at 2812. In drawing the punishment/non-punishment distinction for excessive fines cases involving these statutory provisions, the Austin Court applied the same test used to make the punishment/non-punishment distinction in double jeopardy cases——i.e., the Halper test. Id. at 2812; $405,089.23, 33 F.3d at 1219; see United States v. Ursery, 59 F.3d 568, 573 (6th Cir. 1995), petition for cert. filed, 64 U.S.L.W. 3161 (U.S. Aug. 28, 1995) (No. 95-345).

The Austin Court specifically rejected a case-by-case approach to the punishment determination for §§ 881(a)(4) and 881(a)(7). See 113 S. Ct. at 2810-12 & n.14; $405,089.23, 33 F.3d at 1220 (citing Austin, 113 S. Ct. at 2812 n.14). In Austin, the Court explicitly claimed to focus on the two statutory provisions "as a whole" rather than as individually applied (rejecting Halper's approach), stating that "[t]he value of conveyances and real property forfeitable under §§ 881(a)(4) and 881(a)(7) . . . can

8

vary so dramatically than any relationship between the Government's actual costs and the amount of the sanction is merely coincidental." 113 S. Ct. at 2812 n.14 (citation omitted). Having concluded that "forfeiture under these provisions constitutes 'payment to a sovereign as punishment for some offense,'" id. at 2812 (citation omitted), the Austin Court announced that such forfeitures constitute punishment per se. See Ursery, 59 F.3d at 573. This categorical approach for such civil forfeitures——requiring them always to be considered as punishment——obviates the need for proportionality review of the kind conducted by the district court in this case.

Tilley, which was issued after Austin, offers the government no refuge. It is true that the Tilley court declined to extend an Austin-style per se approach to civil forfeitures brought under § 881(a)(6) (forfeiture of drug proceeds), a sister provision of the one at issue in this case. See Tilley, 18 F.3d at 298-99. Rather, we decided to apply a Halper-style case-by-case approach to the facts of Tilley. See id.

It is also true that the facts of Tilley almost precisely mirror those of the case before us. The government had filed the civil forfeiture claim prior to the issuance of the indictment; as in this case, however, the forfeiture claim was disposed of prior to the indictment. Id. at 297. In fact, the forfeiture proceeding was resolved by means of a "stipulated forfeiture agreement," id., just as in the instant case. The overall postures of the cases are identical: Both defendants brought an interlocutory appeal of a

9

denial of a motion to dismiss the indictment on double jeopardy grounds (specifically, the multiple punishments prong).

Despite these similarities, Tilley does not dispose of the case before us. The Tilley court was faced with a statutory provision (§ 881(a)(6)) to which the logic of Austin does not apply, and which is therefore distinctly different from the provision before us in Perez (§ 881(a)(6)). See Tilley, 18 F.3d at 300.

The Tilley court held that, while the forfeitures of conveyances and real property may not have any correlation to (nor proportionality with) the government's and society's damages and costs, the forfeiture of drug proceeds is always directly related to such damages (as approximated by the amount of drugs sold): "The more drugs sold, the more proceeds that will be forfeited. As we have held, these proceeds are roughly proportional to the harm inflicted upon government and society by the drug sale. Thus, the logic of Austin is inapplicable to § 881(a)(6)——the forfeiture of drug proceeds." Id. By distinguishing Austin thus——i.e., acknowledging that forfeitures of conveyances are never proportional to the government's damages, except perhaps by coincidence——the Tilley court acknowledged that the purpose of § 881(a)(4) is, at least in part, to punish.

Perez's ongoing prosecution thus constitutes a second attempt to punish her criminally for the same marihuana offenses as does the civil forfeiture. It therefore violates the Double Jeopardy Clause and may not proceed. See Witte, 115 S. Ct. at 2204-05. No

10

proportionality review was required.  Accordingly, we REVERSE the district court's denial of Perez's motion to dismiss and REMAND with instructions to dismiss the indictment.

<u>United States v. Perez</u>, No. 94-60788

KING, Circuit Judge, specially concurring:

I concur in the panel's opinion and judgment because I think both are logical extensions of the court's opinion in United States v. Tilley, 18 F.3d 295 (5th Cir.), cert. denied, 115 S. Ct. 574 (1994). I write separately to note the confusion that has been generated by the Court's decisions in United States v. Halper, 490 U.S. 435 (1989), and Austin v. United States, 113 S. Ct. 2801 (1993). Perez is a good example of that confusion; it stands Halper on its head, but not without support from Austin, or at least from Austin as construed (not unreasonably) by Tilley.

Traditionally, the civil forfeiture of property involved in criminal activity and the criminal prosecution of the property's owner for the same underlying conduct did not raise issues under the Double Jeopardy Clause. See, e.g., United States v. One Assortment of 89 Firearms, 465 U.S. 354, 362-66 (1984). The question, which cries out for resolution by the Supreme Court, is whether, or to what extent, Halper and Austin have changed that rule.

The Court recognized in Halper that the government may exact civil sanctions that achieve "rough remedial justice" without raising double jeopardy concerns. Accordingly, under Halper it is ordinarily necessary to examine the particular civil sanction imposed on a case-by-case basis to determine whether it constitutes "punishment" for double jeopardy purposes. Halper, 490 U.S. at 448; see also id. at 452-53 (Kennedy, J., concurring). Then along came Austin, which held that the forfeiture provisions of 21 U.S.C.

12

§§ 881(a)(4) (dealing with conveyances, or means of transporting drugs such as automobiles) and 881(a)(7) (dealing with real estate used in drug transactions) impose "punishment" for purposes of the threshold applicability of the Eighth Amendment's Excessive Fines Clause. Although it might have been possible to read <u>Austin</u> more narrowly in a case arising under the Double Jeopardy Clause[3], this court, in dicta in <u>Tilley</u>, read it to call for the categorical conclusion that all civil "forfeitures of conveyances and real estate have no correlation to, or proportionality with, the costs incurred by the government and society because of the large and unpredictable variances in the values of real estate and conveyances in comparison to the harm inflicted upon government and society by the criminal act." <u>Tilley</u>, 18 F.3d at 300. That conclusion certainly has some support in <u>Austin</u>. <u>See Austin</u>, 1134 S. Ct. at 2812 n.14. Predictably, <u>Perez</u> now holds that even where the district court has made careful findings supporting the conclusion that the amount forfeited bore a rational relationship to the government's costs, the forfeiture of a conveyance under § 881(a)(4) is always punitive. Where the forfeiture is completed

---

[3]     The Court in <u>Austin</u> stated that "it appears to make little practical difference whether the Excessive Fines Clause applies to all forfeitures under §§ 881(a)(4) and (a)(7) or only to those that cannot be characterized as purely remedial." <u>Austin</u>, 113 S. Ct. at 2812 n.14. That was true because the Eighth Amendment prohibits only excessive fines and "a fine that serve[d] purely remedial purposes [could not] be considered `excessive' in any event." <u>Id</u>. This suggests that perhaps a distinction should be drawn between the Double Jeopardy Clause and the Excessive Fines Clause when it comes to forfeitures under §§ 881(a)(4) and (a)(7), at least where those forfeitures may be found to be purely remedial in nature.

before the criminal prosecution, the criminal prosecution violates the Double Jeopardy Clause and may not proceed. So Halper's case-by-case approach, scrupulously followed by the district court here, has given way to a categorical approach in which the district court's conclusion that the forfeiture at issue is wholly remedial is irrelevant.

The practical consequences to the administration of justice in this circuit are enormous. The sequence of the proceedings in Perez is common. Many ongoing cases will be, and many completed cases may be, affected by this decision. And the problem is not unique to this court. Several circuits have been struggling with variants of it. See, e.q., United States v. All Assets of G.P.S. Automotive Corp., 66 F.3d 483 (2nd Cir. 1995); United States v. Morgan, 51 F.3d 1105 (2nd. Cir.), cert. denied, 116 S. Ct. 171 (1995); United States v. Baird, 63 F.3d 1213 (3rd Cir 1995), petition for cert. filed, 64 U.S.L.W. 3318 (U.S. Oct. 17, 1995) (No. 95-630); United States v. Borromeo, 995 F.2d 23 (4th Cir.), opinion adhered to in part and vacated in part on reh'q, 1 F.3d 219 (4th Cir. 1993); United States v. Salinas, 65 F.3d 551 (6th Cir. 1995); United States v. Ursery, 59 F.3d 568 (6th Cir. 1995), petition for cert. filed, 64 U.S.L.W. 3161 (U.S. Aug. 28, 1995) (No. 95-345); United States v. $405,089.23 U.S. Currency, 33 F.3d 1210 (9th Cir. 1994), opinion amended on denial of reh'q, 56 F.3d 41 (9th Cir. 1995), and petition for cert. filed, 64 U.S.L.W. 3161 (U.S. Aug. 28, 1995) (No. 95-346); SEC v. Bilzerian, 29 F.3d 689 (D.C. Cir. 1994). It is an area that the Supreme Court should

14

revisit.