UNITED STATES of America,
Plaintiff–Appellee,

v.

Gloria PEREZ, Defendant–Appellant.

No. 94–60788.

United States Court of Appeals,
Fifth Circuit.

April 8, 1997.

Joseph Douglas Wilson, U.S. Department of Justice, Washington, DC, Paula Camille Offenhauser, Assistant U.S. Attorney, Kathlyn Giannaula Snyder, Houston, TX, for Plaintiff–Appellee.

Robert A. Berg, Corpus Christi, TX, for Defendant–Appellant.

Before KING, SMITH and STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

In our initial opinion, *United States v. Perez*, 70 F.3d 345, 348–49 (5th Cir.1995) (*"Perez I"*), we held that defendant Gloria Perez had been punished by the forfeiture of her automobile pursuant to 21 U.S.C. § 881(a)(4), which authorizes the forfeiture of vehicles used in the commission of drug trafficking offenses. Accordingly, we concluded that her subsequent criminal prosecution for the same offense was barred by the Double Jeopardy Clause of the Fifth Amendment, and we reversed and remanded with instruction to dismiss the indictment.

Subsequently, however, in *United States v. Ursery*, —— U.S. ——, ——, 116 S.Ct. 2135, 2147, 135 L.Ed.2d 549 (1996), the Court concluded that civil forfeitures under 21 U.S.C. § 881(a)(4) do not constitute "punishment" for purposes of the Double Jeopardy Clause. Therefore, the Court vacated *Perez I* and remanded for reconsideration in light of *Ursery. See United States v. Perez*, —— U.S. ——, 117 S.Ct. 478, 136 L.Ed.2d 373 (1996). Having reconsidered, we affirm the district court's denial of Perez's motion to dismiss the indictment, and we remand with instruction to reinstate the indictment.

## I.

Perez entered the United States at a border checkpoint. When Border Patrol officers discovered marihuana in her car, she was arrested, and her vehicle was seized.[1]

Perez was charged with possession of marihuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The United States also initiated an *in rem* civil forfeiture proceeding seeking forfeiture of the automobile under 21 U.S.C. § 881(a)(4). Perez stipulated to the forfeiture of her vehicle, then unsuccessfully moved to dismiss the indictment, claiming that the criminal prosecution constituted a "multiple punishment" barred by the Fifth Amendment.[2]

Following issuance of our opinion requiring dismissal of the indictment, the mandate issued on March 4, 1996, and the district court dismissed the indictment on March 6, 1996. Although the United States had not moved to stay the mandate, the government timely filed a petition for writ of certiorari on June 3, 1996.

## II.

Perez argues that the jurisdiction of this court terminated when our mandate issued without a motion by the government to stay the mandate pending the filing of a certiorari petition.[3] Therefore, because the district court subsequently dismissed the indictment, Perez concludes that this case is moot, and we are required to dismiss the appeal. We disagree.

The Supreme Court does not lose jurisdiction because the mandate of the court of appeals has issued. *See United States v. Villamonte–Marquez*, 462 U.S. 579, 581 n. 2, 103 S.Ct. 2573, 2575 n. 2, 77 L.Ed.2d 22 (1983); *Aetna Casualty & Sur. Co. v. Flowers*, 330 U.S. 464, 467, 67 S.Ct. 798, 799–800, 91 L.Ed. 1024 (1947).[4] In *Villamonte–Marquez*, the mandate had issued, and the indictment had been dismissed, while the case was pending in the Supreme Court. Nevertheless, the Court held that it retained jurisdiction, expressly stating that the absence of an indictment did not render the case moot.

1. For a complete discussion of the facts, *see Perez I*, 70 F.3d at 346.

2. The Double Jeopardy Clause of the Fifth Amendment has been interpreted to prohibit multiple prosecutions and multiple punishments for the same offense. *See Witte v. United States*, —— U.S. ——, ——, 115 S.Ct. 2199, 2204, 132 L.Ed.2d 351 (1995). The protection against multiple punishments prohibits the government from punishing a defendant twice, or seeking a second time to punish him criminally for the same offense. *Id.*

3. A party intending to petition for a writ of certiorari may request a stay of the mandate pending final disposition by the Supreme Court. FED. R.APP. P. 41(b). Our local rules provide, however, that in direct criminal appeals, such stays shall not be granted simply upon request, but only upon a showing of good cause. *See* 5TH CIR. R. 41.1.

4. See also 17 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4036, at 19 (2d ed.1988) (stating that issuance of the court of appeals's mandate does not defeat the right to petition for writ of certiorari).

*See Villamonte–Marquez,* 462 U.S. at 581 n. 2, 103 S.Ct. at 2575 n. 2. Likewise, the Supreme Court retained jurisdiction to review our decision in *Perez I,* notwithstanding that the mandate had issued and the indictment had been dismissed.

If the Supreme Court retained jurisdiction to review *Perez I,* it necessarily follows that it also retained the power to remand for further consideration in light of *Ursery.* Otherwise, the principle that the Court retains jurisdiction over a certiorari petition, even after the mandate has issued, would be reduced to little more than empty rhetoric.[5] Therefore, the order vacating *Perez I* necessarily rendered the case ripe for adjudication once again in this court.[6]

### III.

We must now reconsider our decision in *Perez I* in light of *Ursery.* In *Perez I,* 70 F.3d at 348–49, we held that forfeitures under § 881(a)(4) constitute punishment for purposes of the Double Jeopardy Clause. In the wake of *Ursery,* however, our conclusion cannot stand.

Our decision relied upon recent decisions of the Supreme Court suggesting that civil forfeitures might constitute "punishment," under certain circumstances, subject to the Double Jeopardy Clause. In *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), the Court stated that "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment, as we have come to understand the term." *Id.* at 448, 109 S.Ct. at 1902. Accordingly, the Court held that such civil penalties are subject to the Double Jeopardy Clause. *Id.*

Furthermore, in *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488

(1993), the Court held that civil forfeitures under § 881(a)(4) constitute punishment *per se,* subject to the Excessive Fines Clause of the Eighth Amendment. *Id.* at 619–22, 113 S.Ct. at 2810–12. In *Perez I,* 70 F.3d at 348–49, therefore, we concluded that *Austin* categorically classified civil forfeitures under § 881(a)(4) as "punishments" for purposes of the Double Jeopardy Clause.

In *Ursery,* —— U.S. at ——, 116 S.Ct. at 2142, the Court held that an *in rem* civil forfeiture is not a "punishment" subject to the Double Jeopardy Clause but is "a remedial civil sanction, distinct from potentially punitive *in personam* civil penalties such as fines, and does not constitute a punishment under the Double Jeopardy Clause." Moreover, the Court rejected any suggestion that *Halper* and *Austin* had altered traditional double jeopardy doctrine and distinguished those decisions as inapposite to civil forfeitures. *See id.* at ——–——, 116 S.Ct. at 2144–47.

In the aftermath of *Ursery, Perez I* cannot stand. *In rem* civil forfeitures do not constitute "punishment" for purposes of the Double Jeopardy Clause, but operate merely to "confiscate property used in violation of the law, and to require disgorgement of the fruits of illegal conduct." *Id.* at ——, 116 S.Ct. at 2145. Accordingly, the civil forfeiture did not place Perez in former jeopardy, and the Double Jeopardy Clause does not bar her criminal prosecution under § 841(a)(1).

The order of the district court denying Perez's motion to dismiss the indictment is AFFIRMED, and this matter is REMANDED with instruction to reinstate the indictment.

---

**5.** Were the rule otherwise, the Supreme Court would be powerless to review an order dismissing an indictment where the mandate had issued and the indictment had been dismissed while the case was still pending before it, thus frustrating the doctrine of *Villamonte–Marquez.* Therefore, if *Villamonte–Marquez* is to be given any practical effect, the Supreme Court's jurisdiction must include the power to reinstate the indictment.

**6.** *Cf. Villamonte–Marquez,* 462 U.S. at 581 n. 2, 103 S.Ct. at 2575 n. 2 (observing that a decision of the Supreme Court reversing the judgment of the court of appeals would necessarily reinstate the conviction and sentence entered by the district court, despite the fact that the mandate had issued, the conviction had been vacated, and the indictment had been dismissed).