**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98-41098
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

$4,306.31 CURRENCY, Etc.; ET AL.,

Defendants,

PAMELA POLLANI; JAMES ANDREW POLLANI,

Claimants-Appellants.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:96-CV-336
- - - - - - - - - -
July 13, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

James and Pamela Pollani appeal the grant of summary judgment in favor of the Government in a civil forfeiture proceeding.  Pamela Pollani asserts that she is an innocent owner and should be entitled to her community property interest in the property.  James Pollani argues that the property was seized pursuant to an illegal search and seizure, that the forfeiture

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

violates the Double Jeopardy clause, and the forfeiture was an excessive penalty in violation of the Eighth Amendment.

Despite Mrs. Pollani's innocent owner defense, her interest in the property may be forfeited by reason of its relation to unlawful activity. See Bennis v. Michigan, 516 U.S. 442, 446-47, 452 (1996). In the instant case, the property was the product of and directly traceable to a money laundering offense and properly forfeited.

Mr. Pollani is collaterally estopped from raising the illegal search claim after it has already been litigated in his criminal trial. See United States v. MONKEY, 725 F.2d 1007, 1012 (5th Cir. 1983). The forfeiture was not a violation of the Double Jeopardy Clause. See United States v. Perez, 110 F.3d 265, 267 (5th Cir. 1997). Mr. Pollani does not adequately brief his Eighth Amendment claim, and it is deemed waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Mr. Pollani motion to expedite his appeal is DENIED. See 5th Cir. R. 34.5.

Accordingly, summary judgment was proper and the district court judgment is AFFIRMED. See United States v. 1988 Oldsmobile Cutlass Supreme, 983 F.2d 670, 673 (5th Cir. 1993).

AFFIRMED; MOTION DENIED.