IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-10769
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAUL HERNANDEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:95-CV-2520-R
USDC No. 3:92-CR-279-14-R
--------------------

August 24, 1999

Before KING, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:[*]

Raul Hernandez, federal prisoner No. 23093-077, appeals the denial of his 28 U.S.C. § 2255 motion, filed in the district court on October 23, 1995.[**] We reject Hernandez's argument that a civil forfeiture proceeding, which occurred prior to the entry of his guilty plea, causes his conviction to violate principles

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] Hernandez is not required to obtain a certificate of appealability because his motion was filed prior to the effective date of The Antiterrorism and Effective Death Penalty Act. Lindh v. Murphy, 521 U.S. 320, 336 (1997).

of double jeopardy.  <u>United States v. Ursery</u>, 518 U.S. 267, 292 (1996); <u>see</u> <u>United States v. Perez</u>, 110 F.3d 265, 267 (5th Cir. 1997).  Hernandez's argument that he should have been awarded a three-level reduction in offense level for acceptance of responsibility is not cognizable on § 2255 review.  <u>United States v. Vaughn</u>, 955 F.2d 367, 368 (5th Cir. 1992).

AFFIRMED.