[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-16550
Non-Argument Calendar

_____

D. C. Docket Nos. 03-60170-CR-WPD & 03-60194 CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMETRIUS SEARS,
a.k.a. Marcus A. Jackson,
etc.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 8, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before ANDERSON, CARNES and WILSON, Circuit Judges.

PER CURIAM:

On September 23, 2004, we issued an unpublished opinion, United States v. Sears, No. 03-16550 (11th Cir. Sept. 23, 2004), vacating the Appellant's sentence and remanding for resentencing because of errors that had to do with the length of the supervisory release terms he was to serve and were unrelated to the later decision in Booker v. United States, 543 U.S. ___, 125 S. Ct. 738 (2005). The Supreme Court has now vacated our judgment and remanded the case to us for further consideration in light of its Booker decision. In the meantime, the district court resentenced Appellant, in accordance with our September 23rd decision.

For two reasons we do not believe that Booker requires us to alter our prior decision in this case. First, the Appellant did not raise any Apprendi/Blakely/Booker issue in his initial brief to this Court. He did attempt to file a supplemental brief raising such an issue, but we denied him permission to do so. The Appellant's failure to raise the issue in his initial brief bars him from doing so now. See United States v. Dockery, 401 F.3d 1261 (11th Cir. 2005) (per curiam); United States v. Levy, 379 F.3d 1241 (11th Cir. 2004) (per curiam); United States v. Ardley, 242 F.3d 989 (11th Cir. 2001) (per curiam). The instructions in the Supreme Court's remand order do not compel a different conclusion. See United

2

States v. Ardley, 273 F.3d 991, 994–96 (11th Cir. 2001) (Carnes, J., joined by Black, Hull, and Marcus, JJ., concurring in the denial of rehearing en banc).

Second, the Appellant has been given an opportunity to be sentenced in accord with Booker, and he voluntarily elected not to be. After our mandate issued remanding the case for resentencing, the district court began proceedings to correct his sentence, as our decision required. The district court was apparently unaware that the Appellant was simultaneously seeking certiorari. Before the district court corrected the sentence, the Supreme Court issued its Booker decision on January 12, 2005. The actual resentencing in the district court took place on February 3, 2005. The district court advised the Appellant that it would sentence him in accordance with the Booker decision, as he had previously requested, if he wished the court to do so. The court pointed out that the first time around it had sentenced the Appellant to the highest sentence it could while treating the guidelines as binding. It explained that treating the guidelines as advisory, rather than mandatory, could result in a higher sentence. The Appellant, after consulting with his attorney during a recess, elected not to be sentenced de novo in accord with the Booker decision but instead to have the district court simply correct the supervisory release terms as the court of appeals' mandate required. That is what the district court did.

3

This is not a case in which the Appellant merely forfeited the Booker issue by not timely raising it, although he did that. It is a case in which the Appellant actually waived the right to be sentenced in accord with Booker after that decision came out. The Appellant could have had the relief he seeks now, but he knowingly elected to forgo it. In these circumstances, we will not give the Appellant yet another bite at the Booker apple.

Next, the Appellant argues that the district court's action in resentencing him is "void ab initio" on the theory that the Supreme Court's order vacating our judgment also had the effect of vitiating the district court's resentencing order entered pursuant to our judgment. We disagree. The Appellant did not ask us to stay the mandate of our September 23, 2004, decision requiring that his sentence be corrected for reasons that were not Booker-based. Our mandate issued in the normal course on October 22, 2004. Issuance of the mandate gave the district court jurisdiction over the case again, and that court exercised it when it resentenced Appellant. Six weeks after our mandate issued, on December 22, 2004, the Appellant filed a petition for writ of certiorari raising the Booker issue. The petition for certiorari to the Supreme Court did not divest the court of appeals or district court of jurisdiction. Under Fed.R.App.P. 41(d)(2), the certiorari petitioner can apply for a stay of the mandate; one does not automatically issue

4

upon filing with the Supreme Court. Therefore, the mere filing of a petition for certiorari with the Supreme Court neither stops the mandate from issuing nor stops the case from proceeding in the district court. A litigant desiring such cessation must seek and obtain a stay.

In Warden, Lewisburg Penitentiary v. Marrero, 417 U.S. 653, 94 S.Ct. 2532 (1974), the mandate of the court of appeals issued before the Circuit Justice signed a stay. Respondent moved to dismiss the writ of certiorari on that basis. The Court, noting that the Circuit Justice's stay was treated in the lower courts as staying proceedings under the mandate of the court of appeals, denied the Respondent's motion to dismiss. Warden thus suggests that the certiorari proceedings in the Supreme Court did not divest the lower courts of jurisdiction, and that, absent a stay, the lower court proceedings could go forth. See also Aetna Cas. & Sur. Co. v. Flowers, 330 U.S. 464, 466-67, 67 S.Ct. 798, 799-800 (1947) (after noting that the mandate of the court of appeals had issued and pursuant thereto the case had been remanded to state court, the Supreme Court held: "[n]or does the fact that the mandate of the Circuit Court of Appeals has issued defeat this Court's jurisdiction); United States v. Perez, 110 F.3d 265, 266-67 & n.4 (5th Cir. 1997) (rejecting appellant's argument that the failure of the government to file a stay when it filed for certiorari meant that the Supreme Court did not have

5

jurisdiction when the court of appeals issued its mandate pursuant to which the district court dismissed the indictment).

The instant case is analogous to the foregoing cases. We hold that the fact that certiorari proceedings were going forth in the Supreme Court does not divest the district court of jurisdiction upon the issuance of our mandate remanding for resentencing, and does not vitiate the district court's resentencing order. In the absence of a stay, the proceedings in the district court were in no way improper.

The Supreme Court's remand instructions require only that we reconsider our prior judgment in light of the <u>Booker</u> decision. Having done that, we will reinstate our previous judgment. That restores the effect of our prior remand and any actions the district court took in compliance with our remand instructions. The situation is now the same as if the Supreme Court had not vacated our judgment.

We express no opinion on any issues that the Appellant may raise in an appeal from the district court's resentence order on remand, except that we do hold the court had jurisdiction to resentence on remand in accord with the mandate that issued after our initial decision in this case, and the Appellant waived any right he had to be resentenced pursuant to the <u>Booker</u> decision.

Our September 23, 2004 opinion is **REINSTATED.**

6