[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 28, 2005
THOMAS  K. KAHN
CLERK

————————————————

No. 03-16359
Non-Argument Calendar

————————————————

D. C. Docket No. 03-00213-CR-2-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR CARDONA,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————————

**(June 28, 2005)**

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of United States v.

Booker, 543 U.S. __, 125 S. Ct. 738 (2005). We previously affirmed Cardona's

sentence. United States v. Cardona, No. 03-16359 (11th Cir. Nov. 4, 2004). The

Supreme Court vacated our November 4, 2004 decision and remanded Cardona's

case to us for further consideration in light of Booker. Cardona v. United States,

125 S. Ct. 2253 (2005).

## I. BACKGROUND

Cardona pled guilty to conspiracy to possess with intent to distribute

methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A)(viii). The district

court sentenced Cardona to 210 months' imprisonment. On appeal, Cardona

argued that the district court improperly determined that Cardona was a leader or

organizer under U.S.S.G. § 3B1.1(c). Although Cardona appealed his sentencing

role enhancement, his initial brief on appeal challenged only the sufficiency of the

evidence. Cardona did not raise a Sixth Amendment violation or any

constitutional challenge to his sentence in his prior appeal. Cardona did not assert

error based on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), or

any other case extending or applying the Apprendi principle. Cardona did not claim that he was entitled to a jury trial on the role enhancement.[1]

In his reply brief on appeal, Cardona attempted, for the first time, to raise an issue pursuant to United States v. Blakely, 542 U.S. __, 124 S. Ct. 2531 (2004).[2] On November 4, 2004, this Court affirmed Cardona's sentence.

## II. DISCUSSION

In United States v. Ardley, 242 F.3d 989 (11th Cir. 2001), after the Supreme Court's remand with instructions to reconsider our opinion in light of Apprendi, we observed the following:

> Nothing in the Apprendi opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the Apprendi issue had been timely raised in this Court. In the absence of any requirement to the contrary in either Apprendi or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

---

[1] Although this Court does not consider Booker-type issues not raised in any way in a party's initial brief, we have liberally construed what it means to raise a Booker-type issue. See United States v. Dowling, 403 F.3d 1242, 1246 (11th Cir. 2005) (evaluating whether a Blakely/Booker claim was made by reviewing whether a defendant: (1) referred to the Sixth Amendment; (2) referred to Apprendi or another related case; (3) asserted his right to have the jury decide the disputed fact; or (4) raised a challenge to the role of the judge as fact-finder with respect to sentencing factors).

[2] On July 13, 2004, the same day that Cardona filed his reply brief, Cardona also attempted to raise the Blakely issue by filing a "Motion to Supplement Issues on Appeal." On June 26, 2004, this Court denied Cardona's motion.

Id. at 990 (internal citations and citations omitted). We have applied Ardley to several post-Booker-remand decisions and have concluded that defendants abandoned their Booker-type claims when they failed to raise them in the district court or in their initial brief in this Court on direct appeal. See United States v. Dockery, 401 F.3d 1261, 1262 (11th Cir. 2005); see also United States v. Pipkins, – F.3d – , 2005 WL 1421449, at *1 (11th Cir. June 20, 2005) ("The well-established law in our circuit requires that issues be raised in the parties' initial brief."); United States v. Sears, – F.3d –, 2005 WL 1334892, at *1 (11th Cir. June 8, 2005) (stating that "[t]he Appellant's failure to raise the [Booker] issue in his initial brief bars him from doing so now").

All of these post -Booker cases were remanded using the same or nearly identical two sentence form remand order from the Supreme Court. Specifically, the Supreme Court's remand order in this case states:

> Motion of petitioner to leave to proceed in forma pauperis and petition for writ of certiorari granted. Judgment vacated, and case remanded to the United States Court of Appeals for the Eleventh Circuit, for further consideration in light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005).

Cardona v. United States, 125 S. Ct. 2253 (2005). Thus, we further now consider Cardona's sentence in light of Booker and conclude that Cardona abandoned any

4

Apprendi/Blakely/Booker claim by not timely raising a constitutional challenge to his sentence in his initial brief on appeal. As our Pipkins, Sears, and Dockery decisions indicate, we have consistently concluded that there is nothing in the Supreme Court's remand order that requires us to treat a case as though the Booker issue was timely raised when the defendant fails to raise it in on direct appeal. As we explained in Pipkins,

> We have a long-standing rule that we will not consider issues that were argued for the first time in a petition for rehearing, and we adhere to that rule today. Moreover, there is nothing in the Supreme Court's remand order that requires us to treat this case as though the issue had been timely raised in this court. And, the Supreme Court made clear in Booker that we are to apply our "ordinary prudential doctrines" in considering these types of challenges to sentences. Our ordinary prudential doctrine requiring parties to raise all issues in their initial briefs precludes us from addressing the Defendants' arguments asserted for the first time before this court in their Petitions for Rehearing en Banc.

Pipkins, 2005 WL 1421449, at *2.

As pointed out in Pipkins, the Supreme Court emphasized that the fact that Booker was to be applied to cases on direct review did not mean "that every sentence gives rise to a Sixth Amendment violation [or] that every appeal will lead to a new sentencing hearing." Booker, 125 S. Ct. at 769. Indeed, the Supreme Court directed courts to "apply ordinary prudential doctrines [including], for example, whether the issue was raised below . . . ." Id.

5

We note that the Supreme Court has applied its own prudential rules to foreclose the ability of defendants to raise Blakely claims. In Pasquantino v. United States, 125 S. Ct. 1766, 1781 n.14 (2005), decided after Booker, the petitioners argued "in a footnote that their sentences should be vacated in light of Blakely . . . ." However, the petitioners "did not raise this claim before the Court of Appeals or in their petition for certiorari." Pasquantino, 125 S. Ct. at 1781 n.14. Although the petitioners failed to previously raise the issue, "[t]his omission was no fault of the defendants, . . . as the petition in this case was filed and granted well before the Court decided Blakely. Petitioners thus raised Blakely at the earliest possible point: in their merits briefing." Pasquantino, 125 S. Ct. at 1783 n.5 (Ginsburg, J., dissenting). Despite the fact that petitioners raised their Blakely claim at the earliest possible moment after that decision was released, the Supreme Court applied its prudential procedural rules and declined to address the issue. Pasquantino, 125 S. Ct. at 1781 n.14.

In summary, in his initial brief on appeal, Cardona asserted no Apprendi/Blakely/Booker-based challenge to his sentence. Accordingly, we reinstate our November 4, 2004 opinion and affirm Cardona's sentence after our reconsideration in light of Booker.

**OPINION REINSTATED; SENTENCE AFFIRMED.**