[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-15026
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-80203-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDERICK DEON SWASEY,
CHARLIE LAWRENCE,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(July 7, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of *United States v. Booker*, __ U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). We previously affirmed Appellants' convictions. *See United States v. Swasey*, 112 Fed.Appx. 5 (11th Cir.2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Booker*. For the reasons that follow, we affirm Appellants' sentences.

Appellants Charlie Lawrence ("Lawrence") and Cederick D. Swasey ("Swasey") appeal their 70-month sentences for conviction as to Count 1 of the indictment (armed robbery, in violation of 18 U.S.C. §§ 2113 (a), (d)) and a consecutive 84-month sentence for conviction under Count 2 (using a firearm during a crime of violence, in violation of 18 U.S.C. § 924 (c)(1)(A)(ii)). Neither Lawrence nor Swasey raised any challenge to their sentences on direct appeal under *Apprendi*, *Blakely*, or the Sixth Amendment. Instead, Lawrence for the first time raised the argument that his sentences were unconstitutional in his petition for certiorari. Swasey raised the issue for the first time in his petition for rehearing en banc.

Appellants' failure to timely raise an argument challenging their sentences is fatal to this appeal.

Nothing in the *Apprendi* opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the *Apprendi* issue had been timely raised in this Court. . . .

In the absence of any requirement to the contrary in either *Apprendi* or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

*United States v. Dockery*, 401 F.3d 1261, 1262-63 (11th Cir. 2005) (considering the case in light of *United States v. Booker*, __ U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) and holding appellant abandoned challenge to his sentence because he did not raise the issue in his initial brief on appeal) (quoting *United States v. Ardley*, 242 F.3d 989, 990 (11th Cir. 2001)); *see also United States v. Sears*, __F.3d__, No. 03-16550, 2005 WL 1334892, at *1 (11th Cir. June 8, 2005) (same).

In the present case, the remand instructions do not demand a different conclusion. Because Lawrence and Swasey failed to timely raise a constitutional

3

challenge to their sentences or any challenge to their sentences based upon *Apprendi* or any case applying the principle of *Apprendi*, they have abandoned this argument. Thus, we affirm Appellants' sentences.

**AFFIRMED.**