[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 18, 2005
THOMAS  K. KAHN
CLERK

_____

No. 03-15289
Non-Argument Calendar

_____

D. C. Docket No. 03-60107-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEROY COAXUM

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 18, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before ANDERSON, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of *United States v. Booker*, __ U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).  We previously affirmed Appellant's conviction.  *See United States v. Coaxum*, 107 Fed.Appx. 893 (11th Cir. 2004) (unpublished).  The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Booker*.  For the reasons that follow, we once again affirm Appellant's sentence.

Appellant Leroy Coaxum appeals his 41-month sentence for conspiracy to defraud the United States in violation of 18 U.S.C. § 371.  As he readily concedes, Coaxum did not raise any challenge to his sentence under *Apprendi*, *Blakely*, or the Sixth Amendment to the district court or on direct appeal.  Instead, for the first time, he raised the argument that his sentence was unconstitutional in his petition for writ of certiorari.

Appellant's failure to timely raise an argument challenging his sentence on these grounds is fatal to this appeal.

> Nothing in the *Apprendi* opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the *Apprendi* issue had been timely raised in this Court. . . .
>
> In the absence of any requirement to the contrary in either *Apprendi* or in the order remanding this case to us, we apply our

2

well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

*United States v. Dockery*, 401 F.3d 1261, 1262-63 (11th Cir. 2005) (considering the case in light of *United States v. Booker*, __ U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) and holding appellant abandoned challenge to his sentence because he did not raise the issue in his initial brief on appeal) (quoting *United States v. Ardley*, 242 F.3d 989, 990 (11th Cir. 2001)); *see also United States v. Sears*, __F.3d__, No. 03-16550, 2005 WL 1334892, at *1 (11th Cir. June 8, 2005) (same).

In the instant case, the remand instructions do not require a different conclusion. Because Coaxum failed to timely raise a constitutional challenge to his sentence or any challenge to his sentence based upon *Apprendi* or any case applying the principle of *Apprendi*, he has abandoned this argument. Thus, in considering this case in light of *Booker* and in applying our prudential rules (as *Booker* instructs us to do), we affirm Coaxum's sentence for the reasons outlined herein and in our prior opinion. We also reinstate our prior opinion affirming Coaxum's sentence. *Coaxum*, 107 Fed.Appx. 893.

**OPINION REINSTATED; SENTENCE AFFIRMED.**