[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 30, 2005
THOMAS K. KAHN
CLERK

No. 02-11451
Non-Argument Calendar

_____

D.C. Docket No.  01-00086-CR-FTM-29

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WARRICK  LASHAWN LEVY,
a.k.a. Walsy,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

(September 30, 2005)

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

The Supreme Court vacated our prior opinion in this case and remanded it for consideration in light of *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

We directed the parties to file supplemental briefs to explain when the Appellant first raised the *Booker* issue and how the *Booker* decision applies. In his supplemental brief, the Appellant, Warrick Lashawn Levy, a federal prisoner serving a 262-month sentence for drug trafficking, argues that we should vacate his sentence and remand the case to the district court for re-sentencing in light of *Booker*. However, the Appellant concedes that he "did not raise[] a *Blakley* or *Booker* issue in his initial brief" (Appellant's Supplemental Letter Brief at 7) and that his first attempt to challenge the constitutionality of his sentence was in his petition for supplemental briefing, which this court denied.[1] The Government responds that the Appellant's challenge to his sentence was not timely raised before this court because the argument was not included in his initial brief. Because we conclude that even if Appellant preserved his *Booker* arguments he has failed to establish plain error, we affirm the Appellant's sentence.

---

[1]We note that Appellant did argue in his initial brief that 21 U.S.C. § 841 was unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).

Our precedents are clear that failure to raise a sentencing challenge under *Apprendi/Blakley/Booker* in the initial brief on appeal bars a defendant from later seeking to challenge his sentence. *See, e.g. United States v. Sears*, 411 F.3d 1240, 1241 (11th Cir. 2005) ("The Appellant's failure to raise the issue in his initial brief bars him from doing so now."); *United States v. Dockery*, 401 F.3d 1261, 1262-63 (11th Cir. 2005) (following the "well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned."); *United States v. Levy*, No. 01-17133, 2005 WL 1620719, at *4-5 (11th Cir. July 12, 2005) (explaining this court's prudential rule that parties raise issues in their initial briefs and noting that such rule is not unduly harsh). Appellant's denied attempt to file a supplemental brief raising the issue does not save him from this bar. *See Sears*, 411 F.3d at 1241 ("[Appellant] did attempt to file a supplemental brief raising such an issue, but we denied him permission to do so. The Appellant's failure to raise the issue in his initial brief bars him from doing so now."). Moreover, the remand instructions from the Supreme Court do not demand a different result.

However, "we have liberally construed what it means to raise a *Blakely*-type or *Booker*-type issue." *Levy*, 2005 WL 1620719, at *4-5. Because the record reveals that Appellant may have preserved the issue by raising a challenge under *Apprendi* in his initial brief, we will briefly address the challenge to his sentence.

Appellant contends that the district court erred when it enhanced his sentence based upon the court's determinations that he assaulted a law enforcement officer and recklessly created a substantial risk of death or serious bodily injury during flight from law enforcement. Although Appellant initially objected to the enhancements, he subsequently withdrew his objections–objections that challenged the facts underlying the enhancements. During the plea colloquy Appellant admitted that he repeatedly rammed his vehicle as law enforcement agents attempted to block his vehicle and arrest him; that he drove through a yard, over a sidewalk, and hit two law enforcement vehicles; and that he led a high speed chase. Thus, Appellant admitted the facts underlying his enhancements.

This court reviews for plain error challenges under *Apprendi/Blakley/Booker* raised for the first time in the initial brief on appeal. Examining first the issue of *Booker* constitutional error, we conclude that because Appellant admitted the facts that enhanced his sentence, there is no Sixth Amendment violation. *See United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005) (holding there was no Sixth Amendment violation where defendant admitted to the facts that enhanced his sentence). Turning to the issue of non-constitutional or statutory *Booker* error, and applying plain error, we must determine whether there was "(1) error, (2) that is plain, and (3) that affects

4

substantial rights." *United States v. Fields*, 408 F.3d 1356, 1360 (11th Cir. 2005) (quotation omitted). The first and second prongs of the plain error test are easily satisfied. *See id.* Moving to the third prong, we must determine "whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *Id.* (quotation omitted).

> [I]f it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses. Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant. Where [w]e just don't know whether the defendant would have received a lesser sentence if the guidelines had been advisory, the defendant has not met his burden of showing prejudice.

*Id*. (quotation omitted).

While the district court sentenced Appellant at the bottom end of the Guidelines range, this fact alone does not carry the defendant's burden to show that the error affected his substantial rights. *See Fields*, 408 F.3d at 1360-61 (holding that Appellant's sentence at the bottom of the Guideline range alone was not enough to satisfy third prong of the plain error test). Instead, "the fact that the district court sentenced the defendant to the bottom of the applicable guidelines range establishes only that the court felt that the sentence was appropriate under

5

the mandatory guidelines system[;] [i]t does not establish a reasonable probability that the court would have imposed a lesser sentence under an advisory regime."

*Id*. In fact, here the district court indicated its hesitation in imposing a sentence at the low end of the Guidelines:

> I [agree to sentence you at the bottom end of the Guidelines] after some serious consideration in light of your criminal history and the events surrounding your arrest or immediately proceeding the arrest. . . . Offset against that is the fact that you have pled guilty [and] admitted your responsibility for this particular event. And have, I suspect, wisely withdrawn your objections [to the sentencing enhancements] in light of the testimony that I was hearing.

Doc. 27 at 18-19. Based upon the foregoing, Appellant has failed to demonstrate a reasonable probability that the district court would have imposed a lesser sentence under an advisory guideline system.

Accordingly, we affirm Appellant's sentence.

**AFFIRMED.**