[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-13921
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 13, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-00094-CR-3-RV-003

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LESLY ALEXIS
a.k.a. "X", etc.,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

(October 13, 2005)

ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES

Before TJOFLAT, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in light of *United States v. Booker*, 125 S. Ct. 738 (2005). We previously affirmed Alexis' conviction and sentence. *See United States v. Alexis*, Case No. 03-13921 (11th Cir. Dec. 1, 2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Booker.*

In his initial brief on direct appeal, Alexis did not assert error based on *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), or any other case extending or applying the *Apprendi* principle. However, Alexis sought permission to file a supplemental brief to present additional arguments concerning *Blakely v. Washington*, 124 S. Ct. 2531 (2004). We granted Alexis' motion, but the Government asked for reconsideration. We granted reconsideration on September 8, 2004, and decided to consider the case on the briefs previously filed.

In *United States v. Sears*, 411 F.3d 1240, 1241 (11th Cir. 2005), a case with a procedural history similar to this one, we held that *Booker* did not require us to alter our prior decision because Sears did not raise a *Booker* issue in his initial brief, was denied leave to file a supplemental brief raising *Booker*, and nothing in the Supreme Court's remand order demanded a different conclusion. The same reasoning holds in this case.

Because Alexis did not assert error based on *Apprendi* (or its progeny) in his initial brief on appeal, we reinstate our previous opinion in this case and affirm Alexis' conviction and sentence after our reconsideration in light of *Booker*, pursuant to the Supreme Court's mandate.

OPINION REINSTATED IN PART; AFFIRMED IN PART.

TJOFLAT, Circuit Judge, specially concurring:

The court declines to consider appellant's <u>Booker</u> claim on the merits because appellant failed to present the claim in his initial brief on appeal.  Binding precedent requires us to disregard the claim for that reason.  <u>See</u> <u>United States v. Ardley</u>, 242 F.3d 989, *reh'g en banc denied*, 273 F.3d 991 (11th Cir. 2001), and its progeny, e.g., <u>United States v. Sears</u>, 411 F.3d 1240 (11th Cir. 2005).  I therefore concur in the court's judgment.  Were we writing on a clean slate, I would, for the reasons I have previously expressed, entertain appellant's <u>Booker</u> claim on the merits.  <u>See</u> <u>United States v. Higdon</u>, 2005 U.S.App. LEXIS, at *17 (11th Cir. July 8, 2005).