[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 14, 2006
THOMAS K. KAHN
CLERK

-----------------------------------------
No. 03-13320
Non-Argument Calendar
-----------------------------------------

D.C. Docket No. 02-00431-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBBY O. JAMES,
a.k.a. Tony Johnson,

Defendant-Appellant.

-----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
-----------------------------------------------------------------
(April 14, 2006)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before EDMONDSON, Chief Judge, TJOFLAT and MARCUS, Circuit Judges.

PER CURIAM:

This case is before the Court for consideration in the light of United States v. Booker, 125 S.Ct. 738 (2005). We previously affirmed Appellant's convictions and sentences for conspiracy to commit access device fraud, 18 U.S.C. § 371, access device fraud, 18 U.S.C. § 1029, and social security number fraud, 18 U.S.C. § 2, 42 U.S.C. § 408. See United States v. James, No. 03-13320 (11th Cir. Dec. 22, 2004) (unpublished). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in the light of Booker.

In his initial brief on direct appeal, Appellant did not assert error based on Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), or any case extending or applying the Apprendi principle. Appellant, however sought permission to file a supplemental brief to present additional arguments about Blakely v. Washington, 124 S.Ct. 2531 (2004). We denied Appellant's motion.

In United States v. Sears, 411 F.3d 1240, 1241 (11th Cir. 2005), a case with a procedural history similar to this one, we wrote that Booker did not require us to alter our prior decision because Sears did not raise a Booker issue in his initial brief, he was denied leave to file a supplemental brief raising Booker, and nothing in the Supreme Court's remand order demanded a different conclusion. The same reasoning applies in this case.

Appellant did not assert error based on <u>Apprendi</u> (or its progeny) in his initial brief on appeal.  We, thus, reinstate our previous opinion in this case and affirm Appellant's convictions and sentences after our reconsideration in the light of <u>Booker</u>, pursuant to the Supreme Court's mandate.

**OPINION REINSTATED; CONVICTIONS AND SENTENCES AFFIRMED.**