[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 02-14306

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-00074 CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES FLOYD PIPKINS,
a.k.a. Sir Charles,
ANDREW MOORE, JR.,
a.k.a. Batman,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(June 20, 2005)

ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES

Before EDMONDSON, Chief Judge, DUBINA, and COX, Circuit Judges.

PER CURIAM:

The Supreme Court vacated our previous opinion in this case, *United States v. Pipkins*, 378 F.3d 1281 (11th Cir. 2004), *vacated at* ___U.S.___, 125 S. Ct. 1617 (2005), and remanded this case for further consideration in light of *United States v. Booker*, ___U.S.___, 125 S. Ct. 738 (2005).

We directed the parties to file supplemental briefs to explain when the Defendants first raised the *Booker* issue, whether the issue was timely raised before this court, and how the *Booker* decision applies to this case. In their supplemental briefs, the Defendants contend that we should vacate their sentences and remand their cases to the district court for re-sentencing in light of *Booker*. The Defendants note that they first challenged the constitutionality of their sentences in their Petitions for Rehearing En Banc. In these Petitions, the Defendants asserted that the district court made various factual findings which the court used to enhance their sentences. They argue that these findings were not found by a jury beyond a reasonable doubt, as required by *Blakely v. Washington*,___U.S.___, 125 S. Ct. 2531 (2005). Thus, the Defendants contend they are entitled to re-sentencing. The Government responds that the Defendants' constitutional arguments were not timely raised before this court because they were not included in their initial briefs. Because we conclude that the Defendants' constitutional arguments were not timely raised, we reinstate our previous opinion affirming the Defendants' convictions and sentences.

The Defendants, Charles Floyd Pipkins and Andrew Moore, two Atlanta pimps, were convicted of conspiracy to violate the Racketeering Influenced Corrupt Organizations Act ("RICO"), and other offenses. Pipkins' total sentence of imprisonment was 30 years and Moore's total sentence was 40 years. We must first determine whether the Defendants' constitutional challenges to their sentences were timely. The well-established law in our circuit requires that issues be raised in the parties' initial brief. *See United States v. Levy*, 379 F.3d 1241 (11th Cir.), *reh'g en banc denied,* 391 F.3d 1327 (11th Cir. 2004).

Pipkins and Moore first challenged the constitutionality of their sentences in their Petitions for Rehearing En Banc. In these Petitions, the Defendants argued that the Supreme Court's opinion in *Blakely* invalidated their sentences. The Defendants contend that they failed to raise this issue in their initial briefs because our precedent at the time categorically precluded an *Apprendi*-type challenge. *See United States v. Sanchez*, 269 F.3d 1250, 1262-63 (11th Cir. 2001) (en banc) ("*Apprendi* does not apply to judge-made determinations pursuant to the Sentencing Guidelines."). But the Defendants' failure to make their argument in their initial brief is not excused by the fact that our precedent was then to the contrary. Even if our precedent at the time foreclosed their argument, the Defendants still had to raise this issue in their initial brief and assert that our precedent was wrongly decided in order for us to consider it.

3

It is through this process that the law evolves. By making such an argument in their initial brief to this court, the Defendants would have preserved their argument for further appellate review, both in this court and in the Supreme Court. *See Levy,* 379 F.3d at 1243 n.3 (noting that "while Levy may not have predicted the Supreme Court's ultimate conclusions in *Blakely*, it is also true that the general argument that a jury must determine all facts regarding sentence enhancements was available to Levy and indeed made by defendants ever since the Sentencing Guidelines came into being").

We have a long-standing rule that we will not consider issues that were argued for the first time in a petition for rehearing, and we adhere to that rule today. *See Levy*, 379 F.3d at 1242. Moreover, there is nothing in the Supreme Court's remand order that requires us to treat this case as though the issue had been timely raised in this court. *See United States v. Dockery*, 401 F.3d 1261, 1262 (11th Cir. 2005) (quoting *United States v. Ardley*, 242 F.3d 989 (11th Cir. 2001)). And, the Supreme Court made clear in *Booker* that we are to apply our "ordinary prudential doctrines" in considering these types of challenges to sentences. *Booker*, ___U.S. at ___, 125 S. Ct. at 769. Our ordinary prudential doctrine requiring parties to raise all issues in their initial briefs precludes us from addressing the Defendants' arguments asserted for the first time before this court in their Petitions for Rehearing en Banc.

Our opinion affirming the defendants' convictions and sentences, *United States v. Pipkins,* 378 F.3d 1281 (11th Cir. 2004), is, therefore, **REINSTATED.**