[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 28, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-10463
Non-Argument Calendar

_____

D. C. Docket No. 01-00981-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CECILIO NUNEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 28, 2005)

**ON REMAND FROM THE UNITED STATES SUPREME COURT**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

This case is before this Court for the third time. In the two previous appeals, we addressed issues related to Nunez's convictions and his motion for a new trial. United States v. Nunez, Nos. 02-15239 & 02-15426 (11th Cir. Aug. 28, 2003), and United States v. Nunez, No. 04-10463 (11th Cir. Aug. 26, 2004). Now, this case is before the Court on remand for consideration of Nunez's sentence in light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005).

## I. BACKGROUND

Nunez was convicted of: (1) conspiracy to commit robbery under the Hobbs Act, in violation of 18 U.S.C. § 1951(a); (2) conspiracy to use a firearm during a crime of violence and drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and (o); (3) two counts of Hobbs Act robbery, in violation of 18 U.S.C. §§ 2 and 1951(a); and (4) using a firearm during a crime of violence and drug trafficking crime, in violation of 18 U.S.C. §§ 2 and 924(c).

Following his convictions, but before sentencing, Nunez moved for a new trial. The district court denied the motion and sentenced Nunez to 272 months' imprisonment. On appeal, this Court vacated the district court's order denying Nunez's new trial motion, and remanded for an evidentiary hearing. United States v. Nunez, Nos. 02-15239 & 02-15426 (11th Cir. Aug. 28, 2003). After the hearing, the district court denied Nunez's new trial motion for a second time. On

appeal, this Court affirmed. United States v. Nunez, No. 04-10463 (11th Cir. Aug. 26, 2004). In both prior appeals, Nunez challenged only his convictions and the denial of his motion for a new trial.

Nunez did not raise any challenge to his sentence in the prior two appeals.[1] Nunez did not assert error based on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), or any other case extending or applying the Apprendi principle.

## II. DISCUSSION

In United States v. Ardley, 242 F.3d 989 (11th Cir. 2001), after the Supreme Court's remand with instructions to reconsider our opinion in light of Apprendi, we observed the following:

> Nothing in the Apprendi opinion requires or suggests that we are obligated to consider an issue not raised in any of the briefs that appellant has filed with us. Nor is there anything in the Supreme Court's remand order, which is cast in the usual language, requiring that we treat the case as though the Apprendi issue had been timely raised in this Court. In the absence of any requirement to the contrary in either Apprendi or in the order remanding this case to us, we apply our well-established rule that issues and contentions not timely raised in the briefs are deemed abandoned.

---

[1]Nunez did object in the district court to the inclusion in the PSI of a January 13, 2000 robbery for which he was not convicted and which increased his sentence. However, his objection in the district court to the robbery was based on the sufficiency of the evidence. It was not a constitutional challenge.

3

Id. at 990 (internal citations and citations omitted). We have applied Ardley to several post-Booker-remand decisions and have concluded that defendants abandoned their Booker claims when they failed to raise them in the district court or in their initial brief in this Court. See United States v. Dockery, 401 F.3d 1261, 1262 (11th Cir. 2005); see also United States v. Pipkins, – F.3d – , 2005 WL 1421449, at *1 (11th Cir. June 20, 2005) ("The well-established law in our circuit requires that issues be raised in the parties' initial brief."); United States v. Sears, – F.3d –, 2005 WL 1334892, at *1 (11th Cir. June 8, 2005) (stating that "[t]he Appellant's failure to raise the [Booker] issue in his initial brief bars him from doing so now").

All of these post -Booker cases were remanded using the same or nearly identical two sentence form remand order from the Supreme Court. Specifically, the Supreme Court's order states:

> Petition for writ of certiorari granted. Judgment vacated, and case remanded to the United States Court of Appeals for the Eleventh Circuit, for further consideration in light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005).

Nunez v. United States, 125 S. Ct. 2253 (2005). Thus, we further now consider Nunez's sentence in light of Booker and conclude that Nunez abandoned any Apprendi/Blakely/Booker claim by not timely raising a constitutional challenge to

4

his sentence in his initial briefs in his two prior appeals. As our <u>Pipkins</u>, <u>Sears</u>, and <u>Dockery</u> decisions indicate, we have consistently concluded that there is nothing in the Supreme Court's remand order that requires us to treat a case as though the <u>Booker</u> issue was timely raised when the defendant fails to raise it in on direct appeal. As we explained in <u>Pipkins</u>,

> We have a long-standing rule that we will not consider issues that were argued for the first time in a petition for rehearing, and we adhere to that rule today. Moreover, there is nothing in the Supreme Court's remand order that requires us to treat this case as though the issue had been timely raised in this court. And, the Supreme Court made clear in <u>Booker</u> that we are to apply our "ordinary prudential doctrines" in considering these types of challenges to sentences. Our ordinary prudential doctrine requiring parties to raise all issues in their initial briefs precludes us from addressing the Defendants' arguments asserted for the first time before this court in their Petitions for Rehearing en Banc.

<u>Pipkins</u>, 2005 WL 1421449, at *2.

As pointed out in <u>Pipkins</u>, the Supreme Court emphasized that the fact that <u>Booker</u> was to be applied to cases on direct review did not mean "that every sentence gives rise to a Sixth Amendment violation [or] that every appeal will lead to a new sentencing hearing." <u>Booker</u>, 125 S. Ct. at 769. Indeed, the Supreme Court directed courts to "apply ordinary prudential doctrines [including], for example, whether the issue was raised below . . . ." <u>Id</u>.

We note that the Supreme Court has applied its own prudential rules to foreclose the ability of defendants to raise Blakely claims. In Pasquantino v. United States, 125 S. Ct. 1766, 1781 n.14 (2005), decided after Booker, the petitioners argued "in a footnote that their sentences should be vacated in light of Blakely . . . ." However, the petitioners "did not raise this claim before the Court of Appeals or in their petition for certiorari." Pasquantino, 125 S. Ct. at 1781 n.14. Although the petitioners failed to previously raise the issue, "[t]his omission was no fault of the defendants, . . . as the petition in this case was filed and granted well before the Court decided Blakely. Petitioners thus raised Blakely at the earliest possible point: in their merits briefing." Pasquantino, 125 S. Ct. at 1783 n.5 (Ginsburg, J., dissenting). Despite the fact that petitioners raised their Blakely claim at the earliest possible moment after that decision was released, the Supreme Court applied its prudential procedural rules and declined to address the issue. Pasquantino, 125 S. Ct. at 1781 n.14.

In summary, in the initial briefs in both of the prior appeals, Nunez asserted no Apprendi/Blakely/Booker-based challenge to his sentence. Accordingly, we reinstate our August 26, 2004 opinion and affirm Nunez's sentence after our reconsideration in light of Booker.

**OPINION REINSTATED; SENTENCE AFFIRMED.**