[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 12, 2005
THOMAS K. KAHN
CLERK

————————————————

No. 01-17133

————————————————

D.C. Docket No. 99-08125-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAPHAEL R. LEVY

Defendant-Appellant.

————————————————

Appeal from the United States District Court for the
Southern District of Florida

————————————————

(July 12, 2005)

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

This case is before this Court for the third time. We previously affirmed

Levy's sentences in United States v. Levy, 374 F.3d 1023 (11th Cir. 2004), and denied Levy's petition for rehearing in United States v. Levy, 379 F.3d 1241 (11th Cir. 2004).[1] On June 6, 2005, the Supreme Court vacated our judgment and remanded Levy's case to us for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). See Levy v. United States, – S.Ct. –, 2005 WL 540692 (U.S. June 6, 2005).

Having now considered Levy's case in light of Booker, we affirm Levy's sentences not only for the reasons stated in our prior opinions but also for those explained below.

## I. BACKGROUND

After this Court affirmed Levy's sentences in United States v. Levy, 374 F.3d 1023 (11th Cir. 2004), the Supreme Court decided Blakely v. Washington, 124 S. Ct. 2531 (2004), which extended the constitutional rule announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), to the Washington State Sentencing Guidelines. As we all are aware, the Supreme Court again extended Apprendi to the United States Sentencing Guidelines in Booker.

After Blakely, but before Booker, Levy filed a petition for rehearing in this

---

[1]On December 3, 2004, this Court also denied Levy's petition for en banc rehearing. United States v. Levy, 391 F.3d 1327 (2004).

2

Court asserting, for the first time, that he had a right to a jury trial regarding his federal sentencing enhancements. In his petition for rehearing, Levy conceded that at no time prior to his petition for rehearing – not in the district court and not in his briefs on appeal – did he raise any argument regarding the constitutionality of the sentencing guidelines or any right to a jury trial on his sentencing enhancements or any arguments grounded in Apprendi .

On August 3, 2004, this Court denied Levy's petition for rehearing based on this Court's long-standing prudential rule of declining to entertain issues not raised in an appellant's initial brief on appeal but raised for the first time in a petition for rehearing. See, e.g., Levy, 379 F.3d at 1242-45; United States v. Ardley, 273 F.3d 991, 991-95 (11th Cir. 2001) (Carnes, J., concurring in the denial of rehearing en banc) (collecting cases); United States v. Nealy, 232 F.3d 825, 830-31 (11th Cir. 2000).[2]

Levy then filed a petition for certiorari in the Supreme Court. The Supreme Court granted certiorari, vacated our judgment, and remanded Levy's case for consideration in light of Booker, stating as follows:

---

[2]Subsequently, this Court has applied this prudential rule in other cases where defendants untimely raised Blakely, now Booker, claims. See, e.g., United States v. Pipkins, – F.3d –, 2005 WL 1421449, at *2 (11th Cir. June 20, 2005); United States v. Sears, –F.3d –, 2005 WL 1334892, at *1 (11th Cir. June 8, 2005); United States v. Verbitskaya, 406 F.3d 1324, 1339-40 (11th Cir. 2005); United States v. Day, 405 F.3d 1293, 1294 n.1 (11th Cir. 2005); United States v. Dockery, 401 F.3d 1261, 1262-63 (11th Cir. 2005).

> Motion of petitioner for leave to proceed *in forma pauperis* and petition for writ of certiorari granted. Judgment vacated and case remanded to the United States Court of Appeals for the Eleventh Circuit for further consideration in light of *United States v. Booker*, 543 U.S. __ (2005).

Levy v. United States, – S. Ct. –, 2005 WL 540692 (U.S. June 6, 2005). Before considering Levy's case in light of Booker, we first explain our prudential rule that issues not raised in a party's initial brief are deemed abandoned and generally will not be considered by this Court. We then consider Levy's case in light of Booker, explain why under Booker our established prudential rule still applies, and thus why under Booker defendant Levy is not entitled to a new sentencing.

## II. THIS COURT'S PRUDENTIAL RULE

In Nealy, this Court summarized our prudential rule of declining to consider issues not timely raised in a party's initial brief, as follows:

> Parties must submit all issues on appeal in their initial briefs. When new authority arises after a brief is filed, this circuit permits parties to submit supplemental authority on "intervening decisions or new developments" regarding issues already properly raised in the initial briefs. Also, parties can seek permission of the court to file supplemental briefs on this new authority. But parties cannot properly raise new issues at supplemental briefing, even if the issues arise based on the intervening decisions or new developments cited in the supplemental authority.

Nealy, 232 F.3d at 830 (internal citations omitted). This Court's prudential rule is well established, and thus we repeatedly have declined to consider issues raised

for the first time <u>in a petition for rehearing</u>.  <u>See, e.g.</u>, <u>United States v. Martinez</u>, 96 F.3d 473, 475 (11th Cir. 1996); <u>Scott v. Singletary</u>, 38 F.3d 1547, 1552 n.7 (11th Cir. 1994); <u>United States v. Fiallo-Jacome</u>, 874 F.2d 1479, 1481 (11th Cir. 1989); <u>Dunkins v. Thigpen</u>, 854 F.2d 394, 399 n.9 (11th Cir. 1988); <u>Holley v. Seminole County Sch. Dist.</u>, 763 F.2d 399, 400-01 (11th Cir. 1985).[3]

To allow a new issue to be raised in a petition for rehearing circumvents Federal Rule of Appellate Procedure 28(a)(5), which requires that an appellant's initial brief must contain "a statement of the issues presented for review."[4]

---

[3]In addition, before a decision on the merits of a direct appeal, this Court repeatedly has denied motions to file supplemental briefs that seek to raise new issues not covered in an appellant's initial brief on appeal.  <u>See, e.g.</u>, <u>Wilkerson v. Grinnell Corp.</u>, 270 F.3d 1314, 1322 (11th Cir. 2001); <u>United States v. Ardley</u>, 242 F.3d 989, 990 (11th Cir. 2001); <u>United States v. Nealy</u>, 232 F.3d 825, 830-31 (11th Cir. 2000); <u>McGinnis v. Ingram Equip. Co.</u>, 918 F.2d 1491, 1495-97 (11th Cir. 1990) (en banc); <u>see also</u> <u>Fed. Sav. And Loan Ins. Corp. v. Haralson</u>, 813 F.2d 370, 373 n.3 (11th Cir. 1987).

As for reply briefs, this Court also declines to consider issues raised for the first time in an appellant's reply brief.  <u>See, e.g.</u>, <u>KMS Rest. Corp. v. Wendy's Int'l, Inc.</u>, 361 F.3d 1321, 1328 n.4 (11th Cir. 2004) (quoting <u>Tallahassee Mem'l Reg'l Med. Ctr. v. Bowen</u>, 815 F.2d 1435, 1446 n.16 (11th Cir. 1987)); <u>United States v. Whitesell</u>, 314 F.3d 1251 1256 (11th Cir. 2002); <u>United States v. Dicter</u>, 198 F.3d 1284, 1289 (11th Cir. 1999); <u>United States v. Martinez</u>, 83 F.3d 371, 377 n.6 (11th Cir. 1996); <u>Jackson v. United States</u>, 976 F.2d 679, 680 n.1 (11th Cir. 1992); <u>United States v. Oakley</u>, 744 F.2d 1553, 1556 (11th Cir. 1984); <u>United States v. Benz</u>, 740 F.2d 903, 916 (11th Cir. 1984).

[4]In <u>Nealy</u>, this Court noted that "[p]arties must submit all issues on appeal in their initial briefs."  232 F.3d at 830 (citing Fed. R. App. P. 28(a)(5)).  The <u>Nealy</u> Court explained that supplemental briefs will be authorized, pursuant to 11th Cir. R. 28-1, I.O.P.5, only when intervening decisions or new developments arise after the moving party's brief has been filed and only when that new authority relates to an issue or issues already properly raised in the party's initial brief.  <u>Id</u>.  The Court expressly concluded that "parties cannot properly raise new issues at supplemental briefing, even if the [new] issues arise based on the intervening decisions or new developments cited in the supplemental authority."  <u>Id</u>.  The new indictment issue we refused to

Further, the rule requiring that issues be raised in opening briefs "serves valuable purposes, as do all of the procedural default rules, which is why we regularly apply them. See generally Presnell v. Kemp, 835 F.2d 1567, 1573-74 (11th Cir.1988)." Ardley, 273 F.3d at 991 (Carnes, J., concurring in the denial of rehearing en banc).[5] Two of those valuable purposes are judicial economy and finality. Indeed, both purposes are implicated in this case as Levy concedes that he did not raise any constitutional challenges to the sentencing guidelines or his sentence or any Apprendi-type argument until after this Court had already held oral argument and issued a published opinion affirming his sentences.

Accordingly, based on our prudential rule, this Court denied Levy's petition for rehearing, based on his failure to raise any Apprendi-type issue in his initial brief on appeal. Levy, 379 F.3d at 1245.

### III. CONSIDERATION IN LIGHT OF BOOKER

Because of the Supreme Court remand, we now further consider Levy's sentences in light of Booker. We recognize that in Booker, the Supreme Court instructed courts to "apply today's holdings – both the Sixth Amendment holding

---

hear in Nealy was Apprendi-based. Id.

[5]Importantly, this rule applies with equal force, regardless of whether it is the government, criminal defendant, or any other party to litigation who has failed to raise an issue in their opening brief.

and our remedial interpretation of the Sentencing Act – to all cases on direct review." Booker, 125 S. Ct. at 769. However, the Booker Court itself emphasized that even though Booker was to be applied to cases on direct review it did not mean "that every sentence gives rise to a Sixth Amendment violation [or] that every appeal will lead to a new sentencing hearing." Id. In fact, the Supreme Court in Booker also directed courts to "apply ordinary prudential doctrines [including], for example, whether the issue was raised below . . . ." Id.

Moreover, this principle recognized in Booker – that retroactivity is subject to ordinary prudential doctrines – is also explicitly recognized in two other Supreme Court cases. See Shea v. Louisiana, 470 U.S. 51, 58 n.4, 105 S. Ct. 1065, 1069 n.4 (1985); Pasquantino v. United States, 125 S. Ct. 1766, 1781 n.14 (2005).

For example, in Shea v. Louisiana, the Supreme Court concluded that "if a case was pending on direct review at the time Edwards [v. Arizona, 451 U.S. 477, 101 S. Ct. 1880 (1981)] was decided, the appellate court must give retroactive effect to Edwards, subject, of course, to established principles of waiver, harmless error, and the like." Shea, 470 U.S. at 58 n.4, 105 S. Ct. at 1069 n.4. According to Shea, courts of appeal must subject the retroactive effect of new cases to established prudential rules. Id. As noted above, this Court's prudential rule that

7

issues not raised in a party's initial brief will not be considered is certainly well-established. Thus, as dictated in Shea, the retroactive effect of Booker is subject to our established prudential rules.

Further, in Pasquantino v. United States, the Supreme Court applied its own prudential rules to foreclose the ability of defendants to raise untimely Blakely claims. In Pasquantino v. United States, issued after Booker, the petitioners argued "in a footnote that their sentences should be vacated in light of Blakely . . . ." Pasquantino, 125 S. Ct. at 1781 n.14. However, "Petitioners did not raise this claim before the Court of Appeals or in their petition for certiorari." Id. Although the petitioners failed to previously raise the issue, the dissent emphasized that "[t]his omission was no fault of the defendants, . . . as the petition in this case was filed and granted well before the Court decided Blakely. Petitioners thus raised Blakely at the earliest possible point: in their merits briefing." Pasquantino, 125 S. Ct. at 1783 n.5 (Ginsburg, J., dissenting). Despite the fact that the petitioners raised their Blakely claim at the earliest possible moment after that decision was released, the Supreme Court applied its prudential procedural rules and declined to address the issue. Pasquantino, 125 S. Ct. at 1781 n.14.

It seems relatively obvious that if the Supreme Court may apply its

prudential rules to foreclose a defendant's untimely <u>Blakely</u>, now <u>Booker</u>, claim, there is no reason why this Court should be powerless to apply its prudential rule to foreclose defendant Levy's untimely <u>Blakely</u>, now <u>Booker</u>, claim.

We also point out why <u>Griffith v. Kentucky</u>, 479 U.S. 314, 107 S. Ct. 708 (1987), is fully consistent with our established prudential rule. In <u>Griffith</u>, the Supreme Court concluded that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final . . . ." <u>Id.</u> at 328, 107 S. Ct. at 716. However, <u>Griffith</u> addressed a situation in which the defendant timely raised the error in issue in both <u>the district court</u> and <u>the court of appeals</u>. As we have stated, "[t]he <u>Griffith</u> holding . . . applies only to defendants who preserved their objections throughout the trial and appeals process." <u>Verbitskaya</u>, 406 F.3d at 1340 n.18 (citing <u>Griffith</u>, 479 U.S. at 316-20, 107 S. Ct. at 709-11).[6]

Thus, there are two distinct and independent rules: (1) retroactivity; and (2) this Court's prudential rule that issues not raised in the opening brief are

_____

[6]The <u>Griffith</u> Court did not require that a dissimilarly situated defendant – one who did not preserve his objection below or on appeal – would necessarily benefit from the new constitutional rule. Instead, the <u>Griffith</u> holding is necessary to "treat[] similarly situated defendants the same." <u>Griffith</u>, 479 U.S. at 323, 107 S. Ct. at 713. Parties who fail to raise timely claims of error are not similarly situated to those who properly preserved their claims. After all, that is the very basis of plain-error review. Likewise, those parties that timely raise issues in their initial appellate briefs are not similarly situated to those who fail to timely raise issues in their initial appellate brief.

9

abandoned.  Although each rule plays an equally important role in the orderly administration of justice, they answer different questions.  As explained by Judge Carnes in Ardley,

> [r]etroactivity doctrine answers the question of which cases a new decision applies to, assuming that the issue involving that new decision has been timely raised and preserved.  Procedural bar doctrine answers the question of whether an issue was timely raised and preserved, and if not, whether it should be decided anyway.

Ardley, 273 F.3d at 992 (Carnes, J., concurring in the denial of rehearing en banc).

Requiring all parties to raise issues in their initial briefs is not unduly harsh or overly burdensome.  This is particularly true about constitutional challenges to the federal sentencing guidelines, which have continued to be raised for many years despite adverse precedent.  Moreover, when Apprendi was decided in 2000, criminal defense attorneys were well aware of Apprendi's potential impact on the sentencing guidelines well before the Supreme Court's decisions in Blakely and Booker.  For example, in numerous cases before our Court, defense counsel, after Apprendi and before Blakely, asserted that their clients' rights to a jury trial were violated when the district court enhanced their sentences with extra-verdict enhancements not proved to a jury beyond a reasonable doubt.  See, e.g., United States v. Reese, 382 F.3d 1308, 1309 (11th Cir. 2004), vacated by 125 S. Ct. 1089

10

(2005)[7]; United States v. Petrie, 302 F.3d 1280, 1289-90 (11th Cir. 2002), cert.

denied, 538 U.S. 971, 123 S. Ct. 1775 (2003); United States v. Snyder, 291 F.3d

1291, 1294 n.3 (11th Cir. 2002); and United States v. Rodriguez, 279 F.3d 947,

949-50, 950 n.2 (11th Cir. 2002).  These Apprendi-type arguments about federal

sentencing enhancements were made in those cases not only before Blakely but

also despite adverse precedent in United States v. Sanchez, 269 F.3d 1250 (11th

Cir. 2001).

Although it may be true that most attorneys could not have predicted the

Supreme Court's precise resolution of the sentencing issues in Booker, the general

argument that the federal sentencing guidelines are unconstitutional or that a jury,

not a judge, must decide the facts supporting extra-verdict sentencing

enhancements was available to counsel long before Blakely and Booker.  See

McGinnis, 918 F.2d at 1496 (stating that although no one could have predicted the

Supreme Court's resolution of a case resolving the scope of § 1981, the general

argument that § 1981 did not apply to appellant's conduct was available, and

appellant waived its argument by not raising it in its initial brief).[8]

---

[7]For example, Reese's initial brief was filed on January 20, 2004, before Blakely was decided on June 24, 2004.  In his initial brief on appeal, Reese made an Apprendi-based argument about a sentencing enhancement he received.  Reese, 382 F.2d 1308, 1310 n.1.

[8]There is a good example of the continued availability of previously foreclosed arguments in the Apprendi line of cases.  Compare Walton v. Arizona, 497 U.S. 639, 649, 110 S. Ct. 3047,

11

Moreover, although this Court does not consider <u>Blakely</u>, now <u>Booker</u>, issues not raised in any way in a party's initial brief, we have liberally construed what it means to raise a <u>Blakely</u>-type or <u>Booker</u>-type issue. <u>See</u> <u>United States v. Dowling</u>, 403 F.3d 1242, 1246 (11th Cir. 2005) (evaluating whether a <u>Blakely</u>/<u>Booker</u> claim was made by reviewing whether a defendant: (1) referred to the Sixth Amendment; (2) referred to <u>Apprendi</u> or another related case; (3) asserted his right to have the jury decide the disputed fact; <u>or</u> (4) raised a challenge to the role of the judge as factfinder with respect to sentencing factors). Levy concedes he made no such claim in any manner until his petition for rehearing. Thus, the application of this Court's prudential rule to foreclose defendant Levy's untimely <u>Blakely</u>, now <u>Booker</u>, claim does not result in manifest injustice.

## IV. THE EFFECT OF SUPREME COURT REMANDS ON THE APPLICATION OF THIS COURT'S PRUDENTIAL RULES

Finally, we discuss the specific remand order in Levy's case. Since <u>Booker</u>, the Supreme Court has remanded over a hundred of our Circuit's cases with this standard order or something similar: "The motion of petitioner for leave to proceed *in forma pauperis* and the petition for writ of certiorari is granted. The

---

3054-55, 111 L.Ed. 511 (1990), with <u>Ring v. Arizona</u>, 536 U.S. 584, 588-89, 595, 122 S. Ct. 2428, 2432, 2436 (2002) (overruling <u>Walton</u>). The defendant in <u>Ring</u> preserved his argument about Arizona's capital sentencing scheme even though that argument appeared foreclosed by <u>Walton</u>.

12

judgment is vacated and the case is remanded to the United States Court of Appeals for the Eleventh Circuit for further consideration in light of <u>United States v. Booker</u>, 543 U.S. ___ (2005)." As noted above, this same order was used in Levy's remand. Obviously, some of these remands, including <u>Levy</u>, involved cases in which this Court applied its prudential rules and refused to consider defendant's belated efforts to raise <u>Blakely</u>/<u>Booker</u> claims. <u>See, e.g.</u>, <u>Levy v. United States</u>, – S. Ct. –, 2005 WL 540692 (U.S. June 6, 2005) (No. 04-8942); <u>Sears v. United States</u>, 125 S. Ct. 1348 (2005); <u>Dockery v. United States</u>, 125 S. Ct. 1101 (2005).[9] As noted above, <u>Booker</u> itself recognized that retroactivity is subject to ordinary prudential rules, and thus nothing in <u>Booker</u> undermines or affects our prudential rules; if anything, <u>Booker</u> contemplates that they should be applied in <u>Booker</u>-remand cases.

Further, in a concurring opinion in <u>Ardley</u>, Judge Carnes explained another reason why this type of general remand does not necessarily impinge on this Court's application of its prudential rules, as follows:

---

[9]In other cases where a defendant timely raised a Sixth Amendment or <u>Apprendi</u> or <u>Blakely</u> issue in the opening brief, as many defendants did prior to <u>Booker</u>, this Court has considered the merits of those claims. <u>See, e.g.</u>, <u>United States v. Burge</u>, 407 F.3d 1183 (11th Cir. 2005); <u>United States v. Martinez</u>, 407 F.3d 1170 (11th Cir. 2005); <u>United States v. Orduno-Mireles</u>, 405 F.3d 960 (11th Cir. 2005); <u>United States v. Camacho-Ibarquen</u>, 404 F.3d 1283 (11th Cir. 2005), <u>opinion vacated and superceded by</u> – F.3d –, 2005 WL 1297236 (11th Cir. June 2, 2005); <u>United States v. Shelton</u>, 400 F.3d 1325 (11th Cir. 2005).

> Whenever the Supreme Court decides an important issue of law, it routinely takes every case in which the court of appeals decision came out before the new decision was announced and in which the certiorari petitioner claims that new decision might apply, and treats all of those cases the same. The uniform treatment given all such cases is to vacate the court of appeals judgment and remand the case for further consideration in light of the new decision. Those boilerplate orders come out in bushel baskets full. There is no implication in the standard language of those orders that the court of appeals is to do anything except reconsider the case now that there is a new Supreme Court decision that may, or may not, affect the result. We have never felt constrained to read anything into such routine remands other than the direction that we take another look at the case because of the new decision.

Ardley, 273 F.3d at 994 (Carnes, J., concurring in the denial of rehearing en banc).

As this Court has now consistently concluded, the Supreme Court's general remand in these types of cases does not mandate any particular outcome as to the defendant's sentence, nor do they preclude this Court from applying its prudential rules in a uniform and consistent manner. See Pipkins, 2005 WL 1421449, at *2; Sears, 2005 WL 1334892, at *1; Dockery, 401 F.3d at 1262-63; Ardley, 273 F.3d at 995 (Carnes, J., concurring in the denial of rehearing en banc).

Instead, what is required is that we take another look at this case and consider it in light of Booker. We have done so, and, consistent with Booker and our case law, we affirm Levy's sentences for the reasons outlined herein and in our prior opinions. We also reinstate our prior panel opinion affirming Levy's

14

sentences in <u>United States v. Levy</u>, 374 F.3d 1023 (11th Cir. 2004), and, to the extent necessary, our opinion denying Levy's petition for rehearing by the panel in <u>United States v. Levy</u>, 379 F.3d 1241 (11th Cir. 2004).

AFFIRMED and PRIOR OPINIONS REINSTATED.