[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 03-11967 and 03-11972
Non-Argument Calendar

_____

FILED

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT**
September 14, 2005
**THOMAS K. KAHN
CLERK**

D. C. Docket Nos. 02-20093-CR-KMM
and 02-20615-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO GARCIA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(September 14, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Last year we affirmed the appellant's conviction and sentence for drug conspiracy. United States v. Garcia, No. 03-11967 (11th Cir. Mar. 9, 2004) (unpublished). The case is back before us on remand from the Supreme Court for further consideration in light of Booker v. United States, 543 U.S. __, 125 S. Ct. 738 (2005).

The appellant did not raise any Booker-related issue in his brief to this court. The first time he raised any Booker-related issue in any court was in his certiorari petition to the Supreme Court. For that reason, our decision on this remand is controlled by United States v. Dockery, 401 F.3d 1261 (11th Cir. 2005) (per curiam), which held in materially identical circumstances that the appellant was procedurally barred from relief on the Booker issue because of his failure to raise the issue when the case was first before us. Id. at 1262–63; see also United States v. Levy, __ F.3d __, 2005 WL 1620719 (11th Cir. July 12, 2005) (per curiam); United States v. Pipkins, 412 F.3d 1251, 1251 (11th Cir. 2005) (per curiam); United States v. Ardley, 242 F.3d 989, 990 (11th Cir. 2001) (per curiam).

Accordingly, we reinstate our previous opinion in this case affirming the conviction and sentence.

OPINION REINSTATED; AFFIRMED.

TJOFLAT, Circuit Judge, specially concurring:

The court declines to consider appellant's <u>Booker</u> claim on the merits because appellant failed to present the claim in his initial brief on appeal. Binding precedent requires us to disregard the claim for that reason. <u>See</u> <u>United States v. Ardley</u>, 242 F.3d 989, *reh'g en banc denied*, 273 F.3d 991 (11th Cir. 2001), and its progeny, e.g., <u>United States v. Dockery</u>, 401 F.3d 466 (11th Cir. 2005), cited by the court. Ante at 2. I therefore concur in the court's judgment. Were we writing on a clean slate, I would, for the reasons I have previously expressed, entertain appellant's <u>Booker</u> claim on the merits. <u>See</u> <u>United States v. Higdon</u>, 2005 U.S.App. LEXIS, at *17 (11th Cir. July 8, 2005).