[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-11076
Non-Argument Calendar

_____

D. C. Docket No. 03-20525-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAUREEN GRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 15, 2005)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

This case is now before the Court on remand from the United States Supreme Court for consideration of Gray's sentence in light of United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005).  After consideration, we reinstate our previous opinion and affirm Gray's sentence.

## I. BACKGROUND

After a jury trial, Gray was convicted of two counts of attempting to import cocaine into the United States, in violation of 21 U.S.C. § 952(a).

On direct appeal to this Court, Gray challenged the sufficiency of the evidence supporting her criminal convictions.  We affirmed Gray's convictions. United States v. Gray, No. 04-11076, at 3 (11th Cir. Oct. 13, 2004).

Gray did not raise any challenge to her sentence in her initial brief on direct appeal, much less any error based on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), or any other case extending Apprendi.  Instead, for the first time in her reply brief, Gray challenged the constitutionality of her sentence under Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).  The government moved to strike the Blakely argument in the reply brief, and we granted the motion.

Gray filed a petition for certiorari in the United States Supreme Court.  On February 28, 2005, the Supreme Court granted certiorari, vacated our October 13,

2004 judgment, and remanded the case for reconsideration in light of Booker. Gray v. United States, 125 S. Ct. 1429 (2005).

As discussed above, Gray did not challenge her sentence or raise any Apprendi/Blakely/Booker issues in her initial brief to this Court. Although she did attempt to raise a Blakely issue in her reply brief on direct appeal, we granted the government's motion to strike that argument. Under our circuit's precedent, Gray's failure to raise the issue in her initial brief on direct appeal bars her from doing so now. See United States v. Levy, 416 F.3d 1273, 1279-80 (11th Cir. 2005) (stating that "Booker itself recognized that retroactivity is subject to ordinary prudential rules, and thus nothing in Booker undermines or affects our prudential rules; if anything, Booker contemplates that they should be applied in Booker-remand cases"); United States v. Vanorden, 414 F.3d 1321, 1323 (11th Cir. 2005) ("Because Vanorden did not challenge his sentence on Sixth Amendment-Apprendi-Blakely-Booker grounds in his first trip through this circuit, this argument is 'deemed abandoned.'"); United States v. Pipkins, 412 F.3d 1251, 1253 (11th Cir. 2005) ("The well-established law in our circuit requires that issues be raised in the parties' initial brief."); United States v. Sears, 411 F.3d 1240, 1241 (11th Cir. 2005) (stating in a Booker-remand case that "[t]he Appellant's failure to raise the [Booker] issue in his initial brief bars him from

3

doing so now"); United States v. Dockery, 401 F.3d 1261, 1262-63 (11th Cir. 2005) (declining to consider on remand Booker issue not raised in appellant's initial brief); United States v. Ardley, 242 F.3d 989, 990 (11th Cir.), cert. denied, 533 U.S. 962, 121 S. Ct. 2621 (2001) (stating after a remand from the Supreme Court that "we apply our well-established rule that issues and contentions not timely raised in the briefs [prior to Supreme Court remand] are deemed abandoned" and declining to consider any Apprendi error after remand).

Thus, after our reconsideration in light of Booker, we reinstate our October 13, 2004 opinion and affirm Gray's sentence.

**OPINION REINSTATED; SENTENCE AFFIRMED.**

TJOFLAT, Circuit Judge, specially concurring:

The court declines to consider appellant's <u>Booker</u> claim on the merits because appellant failed to present the claim in his initial brief on appeal. Binding precedent requires us to disregard the claim for that reason. <u>See</u> <u>United States v. Ardley</u>, 242 F.3d 989, *reh'g en banc denied*, 273 F.3d 991 (11th Cir. 2001), and its progeny. I therefore concur in the court's judgment. Were we writing on a clean slate, I would, for the reasons I have previously expressed, entertain appellant's <u>Booker</u> claim on the merits. <u>See</u> <u>United States v. Higdon</u>, 2005 U.S.App. LEXIS, at *17 (11th Cir. July 8, 2005).