[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11392
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-00163-VEH

LASHUNDA R. BORDEN,

Plaintiff-Appellant,

versus

CHEAHA REGIONAL MENTAL HEALTH CENTER, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 17, 2019)

Before MARCUS, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

LaShunda Borden, an African-American female proceeding pro se, appeals the district court's grant of summary judgment to Cheaha Regional Mental Health Center, Inc., her former employer, on her racial discrimination and retaliation claims.

**I**

Ms. Borden began working at Cheaha in 2007.  In October of 2010, she filed a charge with the Equal Employment Opportunity Commission, alleging that Cheaha racially discriminated against her by electing to promote a less-qualified white woman over her.  Over four years later, in December of 2014, Ms. Borden was terminated for failing to perform her receptionist duties, among other issues.  Ms. Borden subsequently filed a pro se complaint alleging that Cheaha terminated her because of her race and in retaliation for her 2010 EEOC charge.  The district court liberally construed Ms. Borden's pro se complaint to state claims for race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 3, and 42 U.S.C. § 1981 and granted summary judgment to Cheaha on both claims.[1]

On appeal, Ms. Borden challenges Cheaha's stated justifications for terminating her and argues that she, in fact, was a good employee.  Unfortunately for Ms. Borden, the basis for the district court's order was not Ms. Borden's lack of

---

[1] The complaint also appears to raise religious discrimination claims.  The district court, however, determined that Ms. Borden abandoned those claims.  Because Ms. Borden does not challenge this determination on appeal, we do not address it.

2

skill or work ethic as an employee.  Because Ms. Borden does not challenge the district court's multiple reasons for concluding that her discrimination and retaliation claims fail as a matter of law, we affirm.

## II

We review the district court's grant of summary judgment de novo, viewing all evidence and drawing reasonable inferences in the light most favorable to the nonmoving party.  *See Crawford v. Carroll*, 529 F.3d 961, 964 (11th Cir. 2008). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citing Fed. R. Civ. P. 56(c)).

In determining whether summary judgment is appropriate, we liberally construe pro se briefs and pleadings, applying a less-stringent standard than we apply to attorneys.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  A pro se litigant, however, must do more than merely raise an issue in a perfunctory manner, without supporting arguments and citation to authorities, to avoid summary judgment.  *See N.L.R.B. v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998). *See also Faretta v. California*, 422 U.S. 806, 834 n.46 (1975) (noting that a pro se litigant must follow the court's procedure and its rules of evidence).  We will

not scour the record or formulate arguments for a litigant appearing pro se, and all issues that are not briefed are abandoned. *See Timson*, 518 F.3d at 874. *See also T.P. ex rel. T.P. v. Bryan Cnty. Sch. Dist.*, 792 F.3d 1284, 1291 (11th Cir. 2015) ("[A]ppellate courts do not sit as self-directed boards of legal inquiry and research[.]").

To justify reversing a district court's judgment that is based on multiple, independent grounds, an appellant "must convince us that every stated ground for the judgment against [her] is incorrect." *Sapuppo v. Allstate Floridian Ins. Co.,* 739 F.3d 678, 680 (11th Cir. 2014). Therefore, if an appellant's opening brief does not address "one of the grounds on which the district court based its judgment, [s]he is deemed to have abandoned any challenge on that ground, and it follows that the judgment is due to be affirmed." *Id. See also Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1306 (11th Cir. 2012) ("By failing to challenge in their opening brief the district court's ruling [on a particular ground] . . . the plaintiffs have abandoned any contention that the court erred . . . on that ground."); *United States v. Levy*, 416 F.3d 1273, 1278 (11th Cir. 2005) ("Requiring all parties to raise issues in their initial briefs is not unduly harsh or overly burdensome."). We similarly do not consider arguments that were not raised in the district court or arguments raised for the first time in a pro se litigant's reply brief. *See Timson*, 518 F.3d at 874; *Sapuppo*, 739 F.3d at 682–83 (collecting cases).

4

**A**

As relevant here, Title VII prohibits employers from making certain employment decisions, such as termination, based on an employee's race. *See* 42 U.S.C. § 2000e-2. Similarly, § 1981 similarly prohibits race discrimination in the performance of contracts, including employment agreements. *See* 42 U.S.C. § 1981. Both categories of claims—under Title VII or § 1981—are examined under the same legal framework, and where the plaintiff relies on circumstantial evidence of discrimination, we apply the framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Jefferson v. Sewon Am. Inc.*, 891 F.3d 911, 919, 921–22 (11th Cir. 2018).

Under the *McDonnell Douglas* framework, the plaintiff must establish a prima facie case of discrimination by showing, among other things, that "[she] was replaced by a person outside [her] protected class or was treated less favorably than a similarly-situated individual outside [her] protected class." *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1289 (11th Cir. 2003). *See also Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). In identifying a similarly situated employee, the plaintiff must present a comparator who is "nearly identical to the plaintiff[ ] to prevent courts from second-guessing a reasonable decision by the employer." *Trask v. Sec'y, Dep't*

5

*of Veterans Affairs*, 822 F.3d 1179, 1192 (11th Cir. 2016) (quotation marks omitted).[2]

If the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment action. *See Alvarez*, 610 F.3d at 1264. Finally, if the defendant produces a nondiscriminatory reason, the burden shifts back to the plaintiff to show that the employer's proffered reason is actually a pretext for discrimination. *See id*.; *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1360 (11th Cir. 1999). Although the *McDonnell Douglas* framework shifts the burden of production, "the ultimate burden of persuasion remains on the plaintiff to show that the defendant intentionally discriminated against her." *Alvarez*, 610 F.3d at 1264. *See also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 518–19 (1993).

The district court granted summary judgment to Cheaha on Ms. Borden's discrimination claim in part because Ms. Borden did not establish a prima facie case of discrimination. Specifically, the district court noted that Cheaha replaced Ms. Borden with a member of her own race and that Ms. Borden produced no evidence

---

[2] We recently held en banc oral argument to reconsider the "nearly identical" standard applied to comparators under Title VII. *See Lewis v. City of Union City*, 877 F.3d 1000 (11th Cir. 2017), *opinion vacated and rehearing en banc granted*, No. 15-11362 (11th Cir. June 28, 2018). Whether we continue to apply the "nearly identical" standard or articulate a lower standard for comparators, *see Coleman v. Donahoe*, 667 F.3d 835, 850 (7th Cir. 2012), Ms. Bowden does not present any evidence of disparate treatment of comparable black and white employees.

that employees of a different race were accused of sufficiently comparable misconduct, but were not punished.  To the contrary, Ms. Borden asserted that she was the only employee, in an office mostly staffed with mostly black employees, that was punished for such misconduct and that all other employees—both black and white—received favorable treatment compared to her.[3]  **[*Id*.]**

In our view, Ms. Borden has effectively abandoned her discrimination claim on appeal.  *See Timson*, 518 F.3d at 874.  She does not point to a reversible error by the district court but simply disagrees with Cheaha's stated reasons for terminating her.[4]  Throughout her opening brief, Ms. Borden does not cite a single case or point

---

[3] The district court also concluded that, even if Ms. Borden could present a prima facie case, she failed to show that Cheaha's nondiscriminatory reasons to terminate her were pretextual.  Because Ms. Borden does not challenge the district court's conclusion that she failed to establish a prima facie case of discrimination, we do not address whether Cheaha's nondiscriminatory reasons were pretextual.  *See Sapuppo*, 739 F.3d at 680.

[4] In her opening brief, Ms. Borden states that in making her claims she seeks to "prove [her] innocence," be "vindicated," and "clear[ ] [her name] from all false accusations."  Appellant's Br. at 10, 29.  We sympathize with Ms. Borden's goal, and in affirming summary judgment for Cheaha, we do not conclude that Ms. Borden deserved to be fired or that she was not a hard-working employee.  Federal courts "do not sit as a super-personnel department that reexamines an entity's business decisions.  No matter how medieval a firm's practices, [ ] high-handed its decisional process, [or] mistaken the firm's managers, [Title VII] does not interfere."  *Elrod v. Sears, Roebuck & Co.,* 939 F.2d 1466, 1470 (11th Cir. 1991) (quotations and citations omitted).  Our role is not "to second-guess the wisdom of an employer's decisions as long as the decisions are not racially motivated." *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1341 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003).  In the end, an "employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason." *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984).

to admissible evidence suggesting that Cheaha discriminated against her because of her race.[5]

Even if Ms. Borden did not abandon her discrimination claim on appeal, she has not established that the district court erred in concluding that she failed to show a prima facie case of discrimination.  Ms. Borden does not challenge the fact that she was replaced with an employee of her own race and does not assert another avenue to establish a prima facie case of race based discrimination.  *See, e.g.*, *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1185 (11th Cir. 1984).  As explained by the district court, Ms. Borden's "subjective belief . . . that her performance was acceptable and did not warrant and disciplinary action is simply not enough to establish a prima facie case of race discrimination."  D.E. 44 at 35 (citing *Holifield v. Reno*, 115 F.3d 1555, 1564 (11th Cir. 1997)).

**B**

Title VII and § 1981 similarly forbid an employer from retaliating against an employee because she has opposed "an unlawful employment practice."  42 U.S.C.

---

[5]  Ms. Borden does cite some evidence to argue that she did not engage in the alleged misconduct at Cheaha, but that evidence is not properly before us.  Before granting summary judgment to Cheaha, the district court struck affidavits that Ms. Borden submitted in opposition to summary judgment for not complying with Rule 56(c)(4).  Ms. Bowden later admitted her error and that she was "saving some of [her] evidence" to present to the judge at a summary judgment hearing. Appellant's Br. at 10.  On appeal, we struck five additional exhibits that Ms. Bowden submitted with her opening brief as improper.  After the parties briefed this appeal, Cheaha moved to strike evidence submitted for the first time with Ms. Borden's reply brief, and that motion was carried with this appeal.  We deny that motion as moot.

§ 2000e-3(a). *See also CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 452–57 (2008). Such retaliation claims are analyzed under the same burden-shifting framework. *See Standard v. A.B.E.L. Services, Inc.,* 161 F.3d 1318, 1330 (11th Cir. 1998).

To establish a prima facie case of retaliation, the plaintiff may show that (1) she engaged in a statutorily protected activity, (2) she suffered a materially adverse action, and (3) there was some causal relationship between the two events. *See Goldsmith v. Bagby Elevator Co., Inc.*, 513 F.3d 1261, 1277 (11th Cir. 2008). To prove causation, a plaintiff must demonstrate that the protected activity and the adverse action were not "entirely unrelated." *Id.* at 1278 (noting other cases using the terms "wholly unrelated" and "completely unrelated"). "[T]o show the two things were not entirely unrelated, the plaintiff must generally show that the decision maker was aware of the protected conduct at the time of the adverse employment action." *Id*. (quoting *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000)).

If the plaintiff relies on proximity to establish the causal element of a prima facie retaliation case, the employer's knowledge of the employee's protected activity and the adverse action must be "very close." *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (stating that an adverse action taken twenty months after a protected activity "suggests, by itself, no causality at all"). Applying the "very close" standard from *Clark Cty. Sch. Dist.*, 532 U.S. at 273, we have concluded that

9

a "three month period between the [protected activity] and the [adverse action] does not allow a reasonable inference of a causal relation[.]" *Higdon v. Jackson*, 393 F.3d 1211, 1221 (11th Cir. 2004). *See also Webb-Edwards v. Orange Cnty. Sheriff's Officer*, 525 F.3d 1013, 1029 (11th Cir. 2008) (concluding that a six-month separation was insufficient); *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (concluding a three-month separation was insufficient). This is consistent with other circuits that have faced the issue. *See, e.g.*, *Richmond v. ONEOK,* 120 F.3d 205, 209 (10th Cir. 1997) (three-month period insufficient); *Hughes v. Derwinski,* 967 F.2d 1168, 1174–75 (7th Cir. 1992) (four-month period insufficient).

Similar to Ms. Borden's discrimination claim, the district court granted summary judgment to Cheaha on her retaliation claim, concluding that she failed to establish a prima facie case of retaliation. Specifically, the district court determined that Ms. Borden's protected action—her 2010 EEOC complaint—was not close enough in time to the alleged retaliation to establish the causal element.

We conclude that Ms. Borden has abandoned her retaliation claim on appeal. Her brief, construed liberally, makes only passing references to her claim that Cheaha retaliated against her for filing her 2010 EEOC complaint. Such passing references are insufficient to raise a claim on appeal. *See Timson*, 518 F.3d at 874; *McClain of Ga.*, 138 F.3d at 1422.

Even if Ms. Borden had not abandoned her retaliation claim, however, she has not established that the district court erred in concluding that she did not show a prima facie case for retaliation. Ms. Borden asserts that her supervisor "held a grudge" from the 2010 EEOC complaint and that "[h]uman grudges can last years[,] even centuries." Appellant's Br. at 27. But she presents no evidence that Cheaha retaliated against her other than the fact that she had filed an EEOC charge in October 2010—four years before she was allegedly retaliated against. In our view, the district court did not err by concluding that Ms. Borden's 2010 EEOC charge occurred too long before the alleged retaliation in to establish causation. *See Higdon*, 393 F.3d at 1221.

## III

For the forgoing reasons, we affirm the district court's grant of summary judgment to Cheaha on Ms. Borden's race discrimination and retaliation claims, and we deny Cheaha's motion to strike evidence submitted with Ms. Borden's reply brief as moot.

**AFFIRMED**.

11